Filed 1/12/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 9

State of North Dakota, Plaintiff and Appellee

v.

Anna Maria Hayes, Defendant and Appellant

Nos. 20110098 - 20110101

Appeal from the District Court of Divide County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

Opinion of the Court by Sandstrom, Justice.

Elizabeth L. Pendlay, State’s Attorney, 206 North Main Street, P.O. Box 289, Crosby, N.D. 58730-0289, for plaintiff and appellee.

Benjamin C. Pulkrabek, 402 First Street NW, Mandan, N.D. 58554-3118, for defendant and appellant.

State v. Hayes

Nos. 20110098 - 20110101

Sandstrom, Justice.

[¶1] As a condition of bail, the district court required Anna Hayes to consent to a warrantless search at any time of her person, vehicle, and residence.  Concluding the bail condition was invalid under N.D.R.Crim.P. 46(a)(3), we reverse her convictions of four drug-related charges resulting from the bail-condition search.  We affirm her convictions of two prior unaffected charges.

 

I

[¶2] Divide County Sheriff’s Deputy Rob Melby stopped Hayes for driving while her license was suspended on December 1, 2008.  Deputy Melby testified he personally recognized Hayes operating a motor vehicle and he knew the Divide County Sheriff’s Department included her on its monthly list of suspended drivers.  Deputy Melby confirmed the status of Hayes’ license with North Dakota State Radio, and he arrested her for driving while her license was suspended.

[¶3] An inventory search resulted in the discovery of marijuana on Hayes’ person as well as $600 in cash.  Law enforcement officers also found $2,133 in cash in Hayes’ purse.  Following her arrest, the sheriff’s department released Hayes on a $1,500 cash bond.  The State charged her with driving while her license was suspended in violation of N.D.C.C. § 39-06-42, a class B misdemeanor, and with possession of a controlled substance while driving a motor vehicle in violation of N.D.C.C. § 19-03.1-23, a class A misdemeanor.  At Hayes’ initial appearance on December 10, 2008, the State requested, in addition to a cash bond, that Hayes’ bond order require her to submit to random drug-testing and warrantless searches of her person, vehicle, and home.  The district court characterized the random drug-testing as a “standard provision of bond” for a person charged with a drug violation, gave no explanation of the warrantless search requirement, and granted the State’s entire request.

[¶4] Immediately after the district court imposed the bond conditions, law enforcement officers met Hayes outside the courtroom and requested she consent to a search of her residence.  Narcotics Agent Derek Bernier testified he informed Hayes she could consent to a search of her residence or risk violating her bond conditions.  Agent Bernier testified Hayes consented to a search of her residence, which she listed on her driver’s license as 210 Adams Street in Noonan, North Dakota.  Divide County Sheriff Lauren Throntveit, one of the law enforcement officers who met Hayes outside the courtroom, testified, however, that Hayes stated she did not reside at 210 Adams Street.  Rather, Hayes testified at the suppression hearing that she informed the officers she resided at 211 Hagerud Street in Noonan and that she consented to a search of that residence, but not to a search of 210 Adams Street.  Sheriff Throntveit testified Hayes did not inform the officers of her current residence.

[¶5] Law enforcement officers did not search 211 Hagerud Street.  Instead, they relied on Hayes’ driver’s license and their knowledge of her residence to search 210 Adams Street.  Upon entering, officers found the name “Anna” affixed to a sign in the garage and an electricity bill in the residence addressed to “Anna Hayes” at “210 Adams Street.”  Hayes testified she placed her name on the deed to 210 Adams Street after her mother died, but she had moved out of the residence in September 2008, leaving her sister and her sister’s children as the only occupants of the residence.

[¶6] As a result of the search, officers found various items of drug paraphernalia.  After the search, officers questioned Hayes about her drug use after providing her with the warning required by 
Miranda v. Arizona
, 384 U.S. 436 (1966).  Hayes admitted that she had used methamphetamine approximately two days before the December 10 search and that she would test positive for marijuana use.  Hayes also admitted the drug paraphernalia discovered at 210 Adams Street belonged to her and not to her sister.

[¶7] After the search, the State brought four additional charges against Hayes:  unlawful possession of drug paraphernalia, methamphetamine, in violation of N.D.C.C. § 19-03.4-03, a class A misdemeanor; ingesting a controlled substance, marijuana, in violation of N.D.C.C. § 19-03.1-22, a class A misdemeanor; ingesting a controlled substance, methamphetamine, in violation of N.D.C.C. § 19-03.1-22, a class A misdemeanor; and unlawful possession of drug paraphernalia, marijuana, in violation of N.D.C.C. § 19-03.4-03, a class A misdemeanor.

[¶8] Before trial, Hayes moved to suppress the evidence seized during the December 10 search.  She argued the search violated her Fourth Amendment constitutional rights because the bond condition required her to submit to warrantless searches of her person, vehicle, and residence.  The district court denied her motion, and a jury thereafter found her guilty of all six charges.

[¶9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Hayes timely appealed from the criminal judgment under N.D.R.App.P. 4(b).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29-28-06.

 

II

[¶10] Hayes argues the district court erred in denying her motion to suppress evidence seized during a December 10 warrantless search of 210 Adams Street as a result of pretrial release conditions imposed by the district court.  She argues the district court erred in requiring her to consent to warrantless searches of her person, vehicle, and residence as a condition of her bond release.  The State contends Hayes does not have standing to contest the search of 210 Adams Street because she did not live at that residence.  The State alternatively argues that if Hayes has standing, the district court properly denied her motion to suppress because the authorization for a warrantless search was constitutional, Hayes consented to the search, and law enforcement officers relied in good faith on the amended bond order.  The State also argues the two convictions resulting from the December 1 traffic stop of Hayes should be affirmed because they do not apply to Hayes’ argument on appeal.

[¶11] Our standard of review of a district court’s denial of a motion to suppress evidence is well-established.  We “defer to the district court’s findings of fact and resolve conflicts in testimony in favor of affirmance.”  
State v. Smith
, 2005 ND 21, ¶ 11, 691 N.W.2d 203.  We will affirm a district court’s decision if “there is sufficient competent evidence fairly capable of supporting the trial court’s findings, and the decision is not contrary to the manifest weight of the evidence.”  
City of Fargo v. Thompson
, 520 N.W.2d 578, 581 (N.D. 1994).  “Questions of law and the ultimate conclusion about whether the facts support a reasonable and articulable suspicion are fully reviewable on appeal.”  
Id.
  Hayes’ argument on appeal implicates constitutional issues, which involve questions of law.  
See
 
State v. Burr
, 1999 ND 143, ¶ 9, 598 N.W.2d 147.

 

A

[¶12] The State argues the two convictions arising from the December 1, 2008, traffic stop of Hayes should be affirmed because they do not apply to Hayes’ argument on appeal. 

[¶13] Hayes appeals from a criminal judgment after the district court denied her motion to suppress evidence.  Law enforcement officers discovered the evidence Hayes hoped to suppress during a search of 210 Adams Street on December 10, 2008, nine days after her initial arrest for a traffic violation.  As a result of her arrest for a traffic violation, the State charged her with driving while her license was suspended and with possession of a controlled substance while driving a motor vehicle.  Although the district court amended Hayes’ cash bond at her December 10 initial appearance to include conditions, Hayes did not argue in her motion to suppress evidence, nor does she argue on appeal, that the district court erroneously admitted evidence discovered from her initial arrest.  Rather, Hayes’ argument concerns only the conditions of pretrial release the district court imposed upon her at her initial appearance that led to law enforcement officers searching 210 Adams Street without a warrant.  Hayes based her motion to suppress on the four charges resulting from that search, and they are the basis for this appeal.  Consequently, we affirm the two convictions arising from her arrest on December 1 because Hayes’ motion to suppress evidence did not concern either charge.  
State v. Prigge
, 437 N.W.2d 520, 521 (N.D. 1989) (issues not raised before the district court will not be addressed on appeal).  We turn next to Hayes’ four other convictions.

 

B

[¶14] As a preliminary matter, the State argues Hayes lacks standing to contest a search of 210 Adams Street because she does not live at that address.  The capacity to claim Fourth Amendment protection depends upon whether a person has a legitimate subjective expectation of privacy in the place searched.  
Minnesota v. Olson
, 495 U.S. 91, 95 (1990).

[¶15] At her suppression hearing, Hayes testified that she placed her name on the deed to 210 Adams Street after her mother died and that she moved out of the residence in 2008, leaving only her sister and her sister’s children to live at the residence.  Additionally, at trial, Sheriff Throntveit testified Hayes told him she pays the taxes for 210 Adams Street.  “[L]egitimate presence in the area searched, possession or ownership of the area searched . . . , prior use of the area searched . . . , ability to control or exclude others’ use of the property, and a subjective expectation of privacy” are relevant factors to a privacy expectation.  
United States v. Lochan
, 674 F.2d 960, 965 (1st Cir. 1982).  People have the greatest expectation of privacy within their own homes.  
Payton v. New York
, 445 U.S. 573, 585-86 (1980).  In 
Olson
, 495 U.S. at 96-97, the U.S. Supreme Court extended Fourth Amendment protection to overnight guests at another’s home.  We have held that even a non-

overnight guest in a trailer house of another enjoyed a reasonable expectation of privacy.  
State v. Ackerman
, 499 N.W.2d 882, 885 (N.D. 1993).  Because the deed to 210 Adams Street is in Hayes’ name, she pays the taxes, and she previously used the residence as her own, she enjoyed a subjective expectation of privacy in 210 Adams Street, and as a result, she has standing to contest the warrantless search.  
See
 
Lochan
, 674 F.2d at 965.

 

C

[¶16] Hayes’ argument concerning the warrantless search conditions of pretrial release is a question of first impression in North Dakota.  In a similar case involving conditions of pretrial release, however, we vacated a district court order declaring unconstitutional the requirement of N.D.C.C. § 19-03.1-46 for random drug-testing as a condition of bail.  
See
 
State v. Hansen
, 2006 ND 139, 717 N.W.2d 541.  We did not decide the constitutionality of the statute because the issue was moot.  
Id.
 at ¶ 8.  Similarly, in this case, we do not need to decide the constitutionality of the pretrial release conditions imposed by the district court if we conclude it did not comply with N.D.R.Crim.P. 46(a)(3) when imposing conditions of pretrial release.  We “refrain from deciding constitutional questions if [we] can decide a dispute on other grounds.”  
Little v. Graff
, 507 N.W.2d 55, 59 (N.D. 1993).  Further, we need not decide whether such conditions are permissible only where they require probable cause for a search, as the court held in 
United States v. Scott
, 450 F.3d 863 (9th Cir. 2005).
(footnote: 1)
[¶17] The right to bail is guaranteed to accused persons by the Eighth Amendment of the United States Constitution.  Article I, section 11 of the North Dakota Constitution guarantees the same, providing:

All persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great.  Excessive bail shall not be required, nor excessive fines imposed, nor shall cruel or unusual punishments be inflicted.  Witnesses shall not be unreasonably detained, nor be confined in any room where criminals are actually imprisoned.

[¶18] An accused released on pretrial bail has not been tried and is presumed innocent.  
Scott
, 450 F.3d at 873.  That presumption does not exist for persons convicted of a crime who are released on probation or who are awaiting imprisonment while their case is on appeal.  
Id.
  Probation, like incarceration, is a form of criminal punishment.  Probationers “do not enjoy ‘the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.’”  
Griffin v. Wisconsin
, 483 U.S. 868, 874 (1987) (quoting 
Morrissey v. Brewer
, 408 U.S. 471, 480 (1972)); 
see also
 
State v. Raywalt
, 444 N.W.2d 688, 690 (N.D. 1989); 
State v. Schlosser
, 202 N.W.2d 136, 137-39 (N.D. 1972).

[¶19] Relying on 
Scott
, Hayes argues she was entitled to a presumption of innocence before the district court imposed upon her conditions of pretrial release, and as a result, her status differed from that of a probationer released under court-imposed conditions.  In 
Scott
, the U.S. Court of Appeals for the Ninth Circuit held warrantless searches, including random drug-testing, imposed on an accused as a condition of pretrial release, required a showing of probable cause even though the accused had signed a pre-release consent form.  450 F.3d at 872.  The court reasoned accused persons released on pretrial bail conditions do not lose their Fourth Amendment right to be free from unreasonable searches and seizures.  
Id.
 at 868.  The court distinguished 
Griffin
 and articulated a difference between conditions of pretrial release of an accused and probation conditions of release of a person convicted of a crime.  
Scott
, 450 F.3d at 872.  The court explained, “[P]robationers have a lesser expectation of privacy than the public at large.”  
Id.
 (quoting 
Ferguson v. City of Charleston
, 532 U.S. 67, 80 n.15 (2001)).  “People released pending trial, by contrast, have suffered no judicial abridgment of their constitutional rights.”  
Scott
, at 872.

[¶20] Hayes does not specifically argue the district court erred in amending her bond order to include a condition for random drug-testing, but rather she argues she should not have been required to forgo her constitutional rights and consent to warrantless searches of her person, vehicle, and residence.  Her argument raises issues about the conditions for pretrial release of an accused under N.D.R.Crim.P. 46(a), which provides, in subdivision (1):

At the initial appearance before a magistrate of a person charged with an offense, the magistrate must order the person released pending trial on the person’s personal recognizance or on execution of an unsecured appearance bond . . . unless the magistrate determines . . . that unconditional release will not reasonably assure the appearance of the person as required.

Rule 46(a)(1), N.D.R.Crim.P., establishes a clear preference for the unconditional release of accused persons on their own personal recognizance or on an unsecured appearance bond to reasonably assure their appearance at trial.

[¶21] Rule 46(a)(2), N.D.R.Crim.P., grants magistrates the ability to impose release conditions in lieu of or in addition to the methods of release specified in N.D.R.Crim.P. 46(a)(1).  Rule 46(a)(2), N.D.R.Crim.P., uses language to reasonably assure an accused person’s appearance at trial and explicitly lists thirteen separate release conditions a magistrate may impose, including:

(A) placing the person in the custody of a designated person or organization agreeing to supervise the person; 

(B) requiring the person to maintain employment, or, if unemployed, to actively seek employment; 

(C) requiring the person to maintain or begin an educational program; 

(D) placing restrictions on the travel, association, or place of abode of the person during the period of release; 

(E) requiring the person to avoid all contact with an alleged victim of the crime or with a potential witness who may testify concerning the offense; 

(F) requiring the person to report on a regular basis to a designated law enforcement agency, or any other agency; 

(G) requiring the person to comply with a specified curfew; 

(H) requiring the person to refrain from possessing a firearm, destructive device, or other dangerous weapon; 

(I) requiring the person to refrain from any use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in N.D.C.C. ch. 19-03.1, without a prescription by a licensed medical practitioner; 

(J) requiring the person to undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and to remain in a specified institution if required for that purpose; 

(K) requiring the execution of an appearance bond in a specified amount and the deposit with the court of cash or other security as directed, in an amount not to exceed ten percent of the amount of the bond, which deposit must be returned on performance of the release conditions; 

(L) requiring the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu of a bail bond; or 

(M) imposing any other conditions reasonably necessary to assure appearance as required, including a condition requiring the return of the person to custody after a specified time of day.

Absent from N.D.R.Crim.P. 46(a)(2) is language explicitly granting magistrates the ability to impose warrantless searches as a condition of pretrial release.

[¶22] At Hayes’ suppression hearing, the State argued the district court had authority to impose a pretrial warrantless search provision under the “catch-all” language of N.D.R.Crim.P. 46(a)(2)(M).  The district court did not make a specific finding as to which of the thirteen release conditions under N.D.R.Crim.P. 46(a)(2) the warrantless search provision fell.  Because the first twelve release conditions under N.D.R.Crim.P. 46(a)(2) do not provide for warrantless searches, however, the district court could only have imposed the pretrial warrantless search provision under N.D.R.Crim.P. 46(a)(2)(M).

[¶23] Rule 46(a)(3), N.D.R.Crim.P., provides seven factors a magistrate “must consider” when imposing pretrial release conditions to reasonably assure the appearance of an accused at trial:

In determining conditions of release that will reasonably assure appearance of a person, the magistrate, on the basis of available information, must consider:

(A) the nature and circumstances of the offense charged;

(B) the weight of the evidence against the person;

(C) the person’s family ties, employment, financial resources, character and mental condition;

(D) the length of the person’s residence in the community;

(E) the person’s record of convictions;

(F) the person’s record of appearance at court proceedings or of flight to avoid prosecution or failure to appear voluntarily at court proceedings; and

(G) the nature and seriousness of the danger to any person or the community posed by the person’s release.

[¶24] The explanatory note to N.D.R.Crim.P. 46 states the rule is an adaptation from Fed.R.Crim.P. 46.  N.D.R.Crim.P. 46, Explanatory Note.  The note also states N.D.R.Crim.P. 46(a) is adapted from the language of the Bail Reform Act of 1966.  
Id.
  Rule 46, N.D.R.Crim.P., adds additional conditions of release from the Bail Reform Act of 1984.  
Id.
  Because N.D.R.Crim.P. 46 is adapted from its federal rule counterpart, we find federal interpretations of Fed.R.Crim.P. 46 persuasive.  
See
 
City of Fargo v. Levine
, 2008 ND 64, ¶ 7, 747 N.W.2d 130.

[¶25] In some federal jurisdictions, pretrial release may be properly conditioned on a defendant’s agreement to submit to warrantless searches and seizures.  
See
 
In re York
, 892 P.2d 804 (Cal. 1995).  Such conditions, however, must be supported by probable cause and be justified by the totality of the circumstances because of Fourth Amendment reasonableness and the presumption of innocence enjoyed by an accused.  
See
 
Scott
, 450 F.3d at 872-74.  Fourth Amendment reasonableness requires a search or seizure be supported by probable cause.  
Skinner v. Railway Labor Executives’ Ass’n
, 489 U.S. 602, 619 (1989).

[¶26] Although we do not address the constitutionality of pretrial release conditions such as those imposed on Hayes, we find persuasive the district court’s obligation to inquire about the types of release conditions requested by the State and whether the conditions will reasonably assure an accused person’s appearance at trial.  Rule 46(a)(3), N.D.R.Crim.P., explicitly details a district court’s obligation to consider seven factors before imposing pretrial release conditions under N.D.R.Crim.P. 46(a)(2).  We hold that additional conditions imposed under N.D.R.Crim.P. 46(a)(2)(M) require an explicit finding of their appropriateness by a neutral and detached magistrate.  
See
 
Scott
, 450 F.3d at 870-71, 874 (“if a defendant is to be released subject to bail conditions that will help protect the community from the risk of crimes he [or she] might commit while on bail” and that will assure his or her appearance at trial, “the conditions must be justified by a showing that [the] defendant poses a heightened risk of misbehaving while on bail” and that the defendant is unlikely to appear at trial without the conditions).

[¶27] Because N.D.R.Crim.P. 46(a)(2) provides magistrates with discretion in imposing pretrial release conditions after they consider the seven factors under N.D.R.Crim.P. 46(a)(3), their decisions are subject to judicial review under an abuse of discretion standard.  
See
 
State v. Blunt
, 2011 ND 127, ¶ 10, 799 N.W.2d 363 (a district court “has discretion in applying a remedy when a violation of [a] rule has been shown, and the court’s decision will not be reversed on appeal absent an abuse of discretion”).  A district court “abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.”  
Id.

[¶28] At Hayes’ initial appearance for the first two charges filed against her by the State after her arrest on December 1, 2008, the State moved to modify her existing cash bond to include the requirements that she submit to random drug-testing and warrantless searches of her person, vehicle, and home.  The district court granted the State’s request.  A review of the record, however, shows the district court made no findings why such conditions were appropriate under N.D.R.Crim.P. 46(a)(2)(M) when it imposed those conditions of pretrial release on Hayes.  The following exchange took place at Hayes’ initial appearance:

THE COURT:  Very well.  Did you — you put up bail, is that correct?

THE DEFENDANT:  Yes, Dale Fish put up bail for me.

THE COURT:  Very well.  The Court is inclined to continue the matter until the next appearance, does the State have any input?

MS. PENDLAY:  Yes, your Honor.  And actually she was given a cash bond during the course of  this arrest and I would request an amended bond order, your Honor.  In addition to the $1,500 ca — cash bond she posted, I would request a bond order requiring that the Defendant submit to random drug testing including, but not limited to, urinalysis as requested by a law enforcement officer.  And that the Defendant submit to searches without a warrant of her person, vehicle or vehicles, and home at the request of law enforcement.

THE COURT:  Ms. Hayes, when one is charged with a violation of controlled substance, that — that is a stand — 

THE DEFENDANT:  But I’m — I’m innocent until proven guilty, I don’t understand why I should have to go through any of this — items that she just requested.

THE COURT:  Okay.

THE DEFENDANT:  I don’t see any reason for it.

THE COURT:  Okay.  When — when a person is charged with violation of the drug statutes in North Dakota, a standard provision of bond is to require drug testing on a random basis.  That doesn’t mean that it will happen, it means that the law enforcement officials have the right to check you.  There’s a couple functions for it, one is to keep people clean in the interim.  At this junction, we don’t know if — if there’s a problem or not.

. . . .

THE COURT:  I am going to, however, modify the bail as it relates to the possession of controlled substance charge, per the request of the State.  A new bail will be prepared.

[¶29] The record does not reflect that the district court made findings of the appropriateness of the conditions under N.D.R.Crim.P. 46(a)(2)(M).  The district court attempted to explain to Hayes its rationale for imposing random drug-testing as a condition of pretrial release, but it did not address its reasoning for imposing the requirement that she submit to warrantless searches of her person, vehicle, and residence.

[¶30] Relying on 
Scott
, Hayes argues the State failed to provide evidence or testimony at her initial appearance showing that without the amended bond conditions the likelihood of her appearing at trial would decrease.  450 F.3d at 872.

[¶31] In 
Scott
, the court held the government failed to produce a connection suggesting a random drug test of Scott without probable cause would increase the likelihood of Scott’s appearance at trial.  
Id.
  The court stated there are conceivable justifications warranting a random drug test, but the problems are not “common enough to justify intruding on the privacy rights of every single defendant out on pretrial release.”  
Id.
 at 870.  The State did not provide, nor did the district court consider, evidence or testimony at Hayes’ initial appearance showing a likelihood Hayes would not appear at trial without the imposition of the warrantless search conditions of pretrial release.  N.D.R.Crim.P. 46(a)(1).  The State “cannot short-

circuit the process by claiming that the arrest itself is sufficient to establish that the [warrantless search] conditions are required.”  
Scott
, at 874.

[¶32] In 
Scott
, the court interpreted and applied Nevada law.  
Id.
 at 870-72.  The State attempts to distinguish Nevada law from North Dakota law.  The 
Scott
 court reasoned Nevada had not taken the categorical position that drug use among pretrial releasees affected their likelihood of appearance in court, because Nevada allowed release conditions to be determined on an individual basis.  
Id.
 at 870-71.  The State relies on N.D.C.C. § 19-03.1-46 as proof that North Dakota statutorily allows additional pretrial release conditions other than the conditions articulated in N.D.R.Crim.P. 46(a)(2), including reasonable random drug-testing.  That statute, however, concerns only those additional pretrial release conditions a court may consider if the accused is “arrested upon a felony violation” of N.D.C.C. chapters 19-

03.1 or 19-03.4, and it does not include warrantless searches.  N.D.C.C. § 19-03.1-46.  Here, Hayes had not been charged with a felony when the court imposed the pretrial release conditions upon her.

[¶33] The State also argues 
Scott
 can be distinguished from this case because the court in 
Scott
 checked off a standard list of pretrial conditions.  The State argues the district court set Hayes’ pretrial release conditions only after an individualized evaluation.  We have found no such evaluation in the record.  The State concedes the amended bond order it prepared provided for warrantless searches and random drug-

testing of Hayes because of her drug-related charges.  In 
Scott
, however, the court found the government failed to demonstrate a pattern of drug use leading to Scott’s nonappearance in court and failed to show Scott’s drug use would likely lead to his future nonappearance in court.  450 F.3d at 872.  The court held that the government, in instituting as a bond condition pretrial drug-testing of Scott, “relied on nothing more than a generalized need to protect the community and a blanket assertion that drug-testing is needed to ensure Scott’s appearance at trial.”  
Id.
  Similarly, Hayes argues the State failed to justify its reasons for requesting warrantless searches of her person, vehicle, and residence as a condition of pretrial release.  The district court failed to ask the State about those reasons on the record and instead granted its blanket approval of the State’s amended bond order, resulting in conditions subjecting Hayes to warrantless searches without a reasonable assurance it would lead to her appearance at trial.

[¶34] There is no language in N.D.R.Crim.P. 46(a)(2) explicitly granting magistrates the ability to impose warrantless searches as a condition of pretrial release.  Rule 46(a)(2), N.D.R.Crim.P., however, provides that “[t]he magistrate may impose any release condition that will reasonably assure the appearance of the person for trial including: . . . (M) imposing any other conditions reasonably necessary to assure appearance as required. . . .”  Before we may consider whether a warrantless search provision falls under N.D.R.Crim.P. 46(a)(2)(M), however, we must be able to review a district court’s decision to impose conditions of pretrial release under N.D.R.Crim.P. 46(a)(1) and (2).  If a district court determines pretrial conditions of release under N.D.R.Crim.P. 46(a)(2)(M) are necessary to assure a defendant’s appearance at trial, we must also be able to review the district court’s reasoning to determine whether it abused its discretion in imposing release conditions unnecessarily restrictive to reasonably assure a defendant’s appearance at trial.  We are unable to do either here.

[¶35] The district court abused its discretion by improperly imposing pretrial release conditions on Hayes under N.D.R.Crim.P. 46(a)(2)(M) without first adhering to the requirements of N.D.R.Crim.P. 46(a)(3).  A district court’s arbitrary action or misapplication of the law is an abuse of discretion.  
Blunt
, 2011 ND 127, ¶ 10, 799 N.W.2d 363.

 

D

[¶36] The State also raises two constitutional arguments to support the district court’s decision.  It argues the district court properly denied Hayes’ motion to suppress evidence because she consented to the search, and officers relied in good faith on the district court’s amended bond order.  We address each argument in turn.

[¶37] First, the State argues the district court properly denied Hayes’ motion to suppress evidence because she consented to the warrantless search.  The Fourth Amendment of the United States Constitution and article I, section 8 of the North Dakota Constitution prohibit unreasonable searches and seizures.  Fourth Amendment reasonableness requires that searches and seizures be supported by probable cause.  
Scott
, 450 F.3d at 868.  Law enforcement officers generally must obtain a search warrant from a neutral, detached magistrate before entering and searching a person or his or her house, papers, or effects.  
Carroll v. United States
, 267 U.S. 132, 156 (1925); U.S. Const. amend. IV.  “Warrantless searches inside a person’s home are presumptively unreasonable.”  
State v. Mitzel
, 2004 ND 157, ¶ 11, 685 N.W.2d 120.  Evidence seized in violation of the Fourth Amendment must be suppressed under the exclusionary rule.  
Wong Sun v. United States
, 371 U.S. 471, 484-85 (1963); 
State v. Lunde
, 2008 ND 142, ¶ 15, 752 N.W.2d 630.

[¶38] There are, however, a few well-delineated exceptions to the warrant requirement.  
State v. DeCoteau
, 1999 ND 77, ¶ 7, 592 N.W.2d 579.  One exception is consent.  
Id.
 at ¶ 9.  A district court must “determine whether the consent was voluntary under the totality of the circumstances.”  
State v. Avila
, 1997 ND 142, ¶ 16, 566 N.W.2d 410.  “To be voluntary, the consent must not be coerced by explicit or implicit means or by implied threat or covert force.”  
Id.
  We consider two elements when determining voluntariness:  “(1) the characteristics and condition of the accused at the time of the consent, and (2) the details of the setting in which the consent was obtained.”  
Mitzel
, 2004 ND 157, ¶ 26, 685 N.W.2d 120.

[¶39] Agent Bernier testified he informed Hayes outside the courtroom after her initial appearance she could consent to a search of her residence or risk violating her bond conditions.  He also testified Hayes consented to a search of her residence.  Hayes testified, however, she consented to a search of 211 Hagerud Street, but not 210 Adams Street.  According to the testimony of Agent Bernier, Hayes had two choices when confronted by the officers asking whether they could search her residence:  consent to a warrantless search or violate her release conditions and be subject to an arrest warrant for failing to comply with the district court’s order.  Consent based upon duress or coercion is not voluntary.  
Id.
  Under the circumstances, Hayes did not provide voluntary consent to search 210 Adams Street.

[¶40] Second, the State argues the district court properly denied Hayes’ motion to suppress evidence because officers relied in good faith on the district court’s amended bond order.  The State contends the good-faith exception to the warrant requirement, set forth in 
United States v. Leon
, 468 U.S. 897 (1984), can be applied to an officer’s enforcement of a bond order.  The State, however, cites no authority that extends the application of the good-faith exception to a bond order.

[¶41] The good-faith exception provides that evidence should not be excluded when an officer in good faith objectively relies upon a magistrate’s probable cause determination.  
Leon
, 468 U.S. at 922.  A court must decide whether a reasonably well-trained officer would have known the search to be illegal despite the magistrate’s determination.  
Id.
 at 922 n.23.  We have recognized four specific situations when the good-faith exception does not apply, because the officer’s reliance on the warrant is not objectively reasonable:

(1) when the issuing magistrate was misled by false information intentionally or negligently given by the affiant; (2) when the magistrate totally abandoned her judicial role and failed to act in a neutral and detached manner; (3) when the warrant was based on an affidavit “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable”; and (4) when a reasonable law enforcement officer could not rely on a facially deficient warrant.

State v. Utvick
, 2004 ND 36, ¶ 26, 675 N.W.2d 387 (citing 
Leon
, 468 U.S. at 923).

[¶42] Here the district court’s amended bond order provided for warrantless searches of Hayes’ person, vehicle, and residence.  The State did not attach to the bond order an affidavit showing probable cause, nor did the district court issue or attach a search warrant.  On its face, the bond order lacked indicia of probable cause because it provided for warrantless searches of Hayes’ person, vehicle, and residence.  The bond order also did not provide for a particular residence to be searched or a particular thing to be seized, as required in a search warrant by the Fourth Amendment of the U.S. Constitution.  
See
 
Groh v. Ramirez
, 540 U.S. 551, 557 (2004); 
United States v. Strand
, 761 F.2d 449, 452-54 (8th Cir. 1985).

[¶43] The imposition of a warrantless search provision in a bond order is too remote a circumstance to be compared to a probable cause determination resulting in a search warrant.

 

III

[¶44] We affirm the judgment of two convictions resulting from the December 1, 2008, traffic stop of Hayes.  Because we conclude the district court did not make a specific finding of appropriateness under N.D.R.Crim.P. 46(a)(2)(M) when it imposed conditions of pretrial release on Hayes, we reverse the judgment of four convictions resulting from a warrantless search of 210 Adams Street.

[¶45] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
This case is more odious because immediately outside the courtroom the State sought to invoke the provision, strongly suggesting it requested the warrantless search condition precisely because it lacked probable cause for the search it wished to conduct.