2012 ND 31

**Bethany JOHNSON, Plaintiff and Appellant,**

v.

**Keith JOHNSON, Defendant and Appellee.**

**No. 20110213.**

Supreme Court of North Dakota.

Feb. 17, 2012.

Bethany Johnson, self-represented, Bakersfield, CA, for plaintiff and appellant.

Keith Johnson, self-represented, Tuttle, ND, for defendant and appellee.

MARING, Justice.

[¶ 1] Bethany Johnson appeals from an amended judgment modifying a California divorce judgment regarding custody of three children and awarding Keith Johnson primary residential responsibility of the parties' seven children. We dismiss Bethany Johnson's appeal, holding she forfeited and abandoned her appeal by disregarding the district court's order and judgment.

I

[¶ 2] A 2002 California divorce judgment awarded Bethany Johnson primary custody of the three minor children born during the parties' marriage. The parties also have four children born after the divorce judgment. The parties' oldest child moved to North Dakota to live with Keith Johnson sometime in 2008, and the other six children remained with Bethany Johnson in California until August 2009.

[¶ 3] According to Keith Johnson, he received calls from California police and social service workers about the six children in August 2009, and he arranged to bring those six children to North Dakota in August 2009, with Bethany Johnson's approval and to avoid placement of the children with foster care in California. Bethany Johnson claims she permitted the six children to go with Keith Johnson to North Dakota in August 2009, because her house had burned down and she was going through a foreclosure, which resulted in a stressful situation for her. She claims she viewed the children's move as temporary. She began living in North Dakota in February 2010, while she sought to regain custody of the children.

[¶ 4] The record does not reflect an order by a California court regarding the parties' change in custodial arrangements. The record also reflects that North Dakota social services has been involved with the

children at least since November 2009, and more predominately after February 2010. The record further reflects the six youngest children began living with Bethany Johnson in North Dakota from sometime in May 2010 until sometime in November 2011, when the two oldest of those six children began living with Keith Johnson.

[¶ 5] On December 3, 2010, Bethany Johnson, appearing self-represented, petitioned the North Dakota district court to register the California divorce judgment in North Dakota. Her petition stated she currently lived in Kidder County and had lived there since February 2010. Keith Johnson, self-represented, filed a response to the request for registration, claiming he had received custody of all the children in 2009 because Bethany Johnson was unable to adequately care for the children. He requested temporary custody of the children. On December 29, 2010, the court ordered registration of the California judgment, stating the parties' pleadings indicated both parties and the children resided in North Dakota and Keith Johnson's allegations concerned a possible amendment of the current custody order.

[¶ 6] On December 27, 2010, Bethany Johnson petitioned the district court for "modification of ... custody," stating the children had resided in Kidder County since August 2009, and she began residing in Kidder County in February 2010, to "collect her children." On January 31, 2011, Keith Johnson answered Bethany Johnson's petition for "modification of ... custody," claiming he allowed Bethany Johnson to see the children in North Dakota after February 2010 because she promised not to leave the state with the children. He further claimed Bethany Johnson refused to return the children to him after a summer visitation, and he requested a court order requiring all the children to remain with him in North Dakota.

[¶ 7] On February 2, 2011, the district court ruled the submitted documents established prima facie evidence to warrant an evidentiary hearing to modify custody and appointed Kidder County Social Services to conduct a custody investigation and make a report to the court. Bethany Johnson moved for a different custody investigator, claiming Kidder County Social Services had a conflict of interest because of her interactions with that entity. Bethany Johnson also moved to strike Keith Johnson's answer.

[¶ 8] On March 7, 2011, Bethany Johnson moved to withdraw or stay her motion for "modification of ... custody," claiming a misunderstanding of her remedies and asserting the North Dakota district court did not have jurisdiction to modify custody. She further stated that on March 7, 2011, she was returning to California with the four youngest children, claiming she did not feel the children were safe in North Dakota because on December 15, 2010, Burleigh County Social Services had decided services were required for her and the children without a thorough investigation, Kidder County law enforcement would not recognize the California judgment, and Kidder County Social Services and law enforcement were on Keith Johnson's "side."

[¶ 9] The district court denied Bethany Johnson's motion to withdraw, stating the court had jurisdiction under N.D.C.C. §§ 14–14.1–12 and 14–14.1–14 because the children and the parents had all resided in North Dakota for at least six months before the proceeding was filed. The court's order stated Bethany Johnson had moved to California with the four youngest children and required her to return with the children to North Dakota and appear for a scheduled May 16, 2011 hearing or "face

default." The court's order warned her that "[s]hould the children not be returned Bethany [Johnson] could possibly face other possible repercussions for her actions in leaving the State with the children."

[¶ 10] Bethany Johnson returned to North Dakota for the May 16, 2011 hearing, but did not return the four youngest children. After the hearing, the district court decided a change of circumstances had occurred for the children born during the marriage and it was in the best interests of all the children to award custody of them to Keith Johnson. The court stated it was informed that Bethany Johnson had undertaken some proceedings in California after she returned there. The court said it had contacted the California court about jurisdiction and the California court had indicated it would order jurisdiction to North Dakota. The court awarded Keith Johnson primary residential responsibility of all seven children, established a parenting plan for the children, and ordered Bethany Johnson to return the four children in California to Keith Johnson "immediately or within 21 days" after the May 20, 2011 judgment. The record does not reflect a stay of the district court's judgment.

## II

[¶ 11] Bethany Johnson argues the district court erred in failing to apply the Parental Kidnapping Prevention Act, erred in failing to correctly apply the Uniform Child Custody Jurisdiction Enforcement Act, and exceeded its jurisdiction in deciding the custody issue. She also argues the court erred in finding a material change in circumstances to modify the California judgment and clearly erred in awarding Keith Johnson custody of the children. At oral argument, however, Bethany Johnson informed this Court the four youngest children were still living with her in California

despite the district court's order to return the children to Keith Johnson in North Dakota "immediately or within 21 days" after the May 20, 2011 judgment.

[¶ 12] In *Colombe v. Carlson*, 2008 ND 201, ¶¶ 12–15, 757 N.W.2d 537, we considered the applicability of the fugitive dismissal or disentitlement rule to child custody cases, and we concluded the rule was applicable to civil cases. We explained the fugitive dismissal or disentitlement rule provided a mechanism for courts to address "'the difficulty of enforcement against one not willing to subject himself to the court's authority, the inequity of allowing that "fugitive" to use the resources of the courts only if the outcome is an aid to him, the need to avoid prejudice to the nonfugitive party, and the discouragement of flights from justice.'" *Colombe*, at ¶ 13 (quoting *Moscona v. Shenhar*, 50 Va.App. 238, 649 S.E.2d 191, 197 (2007)). We said dismissal is authorized for disobedience of a court order, "because 'it is contrary to the principles of justice to permit one who has flaunted the orders of the courts to seek judicial assistance.'" *Colombe*, at ¶ 13 (quoting *Beemer v. Beemer*, 200 Pa.Super. 103, 188 A.2d 475, 477 (1962)). We explained the enforceability of court orders is part of the centerpiece of the fugitive dismissal or disentitlement rule. *Colombe*, at ¶ 13.

[¶ 13] In *Colombe*, 2008 ND 201, ¶ 14, 757 N.W.2d 537, we recognized the sanction of dismissal or disentitlement is severe and should be cautiously applied, and we adopted the following three requirements to ensure that cautious application:

"First, in order to dismiss an appellant's claim due to his or her fugitive status, a connection must exist between the litigant's fugitive status and the litigant's appeal." *Moscona*, 649 S.E.2d at 198 (citing *Ortega–Rodriguez [v. United*

*States* ], 507 U.S. [234,] 249 [113 S.Ct. 1199, 122 L.Ed.2d 581 (1993) ] ). "Second, before implementing such. a severe sanction, a court must ask 'whether an alternative short of dismissal will render enforcement of the underlying judgment certain and remove the risk of prejudice to the fugitive's adversary.' " *Id.* (quoting *Matsumoto v. Matsumoto*[, 171 N.J. 110] 792 A.2d 1222, 1233 (N.J.2002)). Third, the policy concerns underlying the fugitive dismissal rule must be present. *Id.; see also Degen* [*v. United States*], 517 U.S. [820,] 824–25 [116 S.Ct. 1777, 135 L.Ed.2d 102 (1996) ] (explaining that courts employ the fugitive dismissal rule to encourage enforcement of court orders, discourage the use of judicial resources only when the court rules in the fugitive's favor, avoid prejudice to the non-fugitive party, discourage flights from justice, and promote the efficient, dignified operation of the courts).

■ [¶ 14] Under those requirements, we conclude the record in this case warrants application of the rule to Bethany Johnson's appeal. There is a clear connection between her status with the four youngest children in California and her appeal. The district court ordered her to bring the children back to North Dakota for the hearing, and after the hearing, the court issued a decision requiring her to return the children to Keith Johnson "immediately or within 21 days" after the May 20, 2011 judgment. The record does not reflect a stay of that judgment. Bethany Johnson has defied the order requiring her to bring the children back to North Dakota for the hearing and has defied the judgment. She now seeks appellate relief from the court's decision awarding Keith Johnson primary residential responsibility of those four children. As in *Colombe*, 2008 ND 201, ¶ 16, 757 N.W.2d 537, the connection between Bethany Johnson's appeal and her status with the children in California is direct and undeniable.

[¶ 15] We perceive no alternative short of dismissal that would ensure enforcement of the district court's decision and remove the risk of prejudice to Keith Johnson. Bethany Johnson has failed to follow the district court's order and judgment, and she has had the four children in California since March 2011, to the detriment and prejudice of Keith Johnson. We do not believe Bethany Johnson would comply with an alternative short of dismissal.

[¶ 16] Applying the fugitive dismissal or disentitlement rule to this case encourages compliance with court orders, promotes the efficient operation of courts, and discourages one parent from defying orders and absconding with children to the detriment of the other parent. Bethany Johnson's refusal to return the children to North Dakota in defiance of the court order and judgment is evidence that she would disregard an adverse appellate ruling. As we explained in *Colombe*, 2008 ND 201, ¶ 21, 757 N.W.2d 537, we will impose the rule in cases in which the parent has removed or hidden the child, because those cases raise concerns that the parent will not abide by an unfavorable appellate decision.

[¶ 17] Moreover, Bethany Johnson's conduct defies the North Dakota court's order and judgment. Under N.D.C.C. § 14–14.1–14, a court of this state may modify a custody determination made by a court of another state if the court in this state has jurisdiction to make an initial custody determination under N.D.C.C. § 14–14.1–12(1)(a) or (b), and if the court of the other state determines that it no longer has exclusive, continuing jurisdiction or that a court of this state would be a more convenient forum, or if a court of this state or a court of the other state deter-

mines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state. Here, the children and the parents all lived in North Dakota for more than six months before Bethany Johnson filed a proceeding in this state. North Dakota was the children's "home state" when this proceeding was filed and was entitled to make the custody decision. *See* N.D.C.C. §§ 14–14.1–01(6) (defining "home state"); 14–14.1–12(1) (initial child custody jurisdiction); 14–14.1–14 (jurisdiction to modify child custody determination). Bethany Johnson initially invoked proceedings in North Dakota regarding the children, and when she received some intermediate adverse rulings in that proceeding, she left the state with four children, effectively denying Keith Johnson visitation or custody and flouting the district court's order and judgment. Bethany Johnson's subjective beliefs about the propriety of actions by various social service and law enforcement entities do not entitle her to flout the district court's order and judgment. Adverse decisions by those entities do not establish bias, and a litigant, including a self-represented litigant, must comply with a court order that is pending on appeal, even if the litigant believes the order is erroneous. *Holkesvig v. Welte*, 2012 ND 14, ¶¶ 6–7, 809 N.W.2d 323. On this record, we are convinced Bethany Johnson will use the resources of this Court only if the outcome benefits her, and we conclude dismissing her appeal is consistent with the goals of the fugitive dismissal or disentitlement rule.

### III

[¶ 18] We hold Bethany Johnson is not entitled to seek appellate relief from the amended judgment in this Court, and we dismiss her appeal.

[¶ 19] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.