2016 ND 97

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Taylor WILKIE, Defendant and Appellant.**

**Nos. 20150214, 20150215.**

Supreme Court of North Dakota.

May 26, 2016.

Justin J. Schwarz, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Chad R. McCabe, Bismarck, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Taylor Wilkie appeals from an order revoking bail and forfeiting bond after the district court found he violated a condition of the bond order relating to his arrest for a drug crime. Wilkie argues the court erred by requiring him to comply with his probation as a condition of the bond order. We conclude the bond conditions imposed against Wilkie were not erroneous and the court did not err in ordering forfeiture of the bond. We affirm.

I

[¶ 2] In March 2014, Wilkie was charged with felony possession of drug paraphernalia-methamphetamine and misdemeanor possession of drug paraphernalia-marijuana. He pled guilty to the crimes in August 2014 and was placed on supervised probation. Conditions of Wilkie's probation included not violating any laws and refraining from the use and possession of alcoholic beverages. Wilkie signed the appendix to the criminal judgment stating he fully understood each condition of his probation.

[¶ 3]  In October 2014, Wilkie was arrested and charged with additional felony drug and weapons crimes, and the State subsequently petitioned to revoke his probation.  At the initial appearance after Wilkie's arrest for the second crime, the district court issued a $10,000 cash bond order.  The bond order required Wilkie to participate in the drug patch testing program and comply with all conditions of his probation.  Wilkie's mother posted the $10,000 bond.

[¶ 4]  At the subsequent bond hearing, the court noted the State's petition to revoke Wilkie's probation filed in the earlier drug case.  The court discussed the alleged probation violations, including failure to report to his probation officer, use of marijuana and methamphetamine, failure to comply with the drug patch program, and the recent felony drug and weapons charges.  The court issued an amended $10,000 cash bond order to cover both criminal cases.  The amended order also required Wilkie to comply with all conditions of his probation.

[¶ 5]  In January 2015, Wilkie violated the cash bond order for failing a drug patch test and failing to appear for a drug patch test.  At the subsequent bond hearing, the district court issued an amended $11,000 cash bond order.  The previously posted $10,000 bond was applied to the amended $11,000 cash bond order and required Wilkie to comply with his probation conditions.  Wilkie's mother posted the additional $1,000 to satisfy the amended bond order.

[¶ 6]  Following the bond hearing, the State moved to revoke bail and forfeit bond, stating Wilkie violated his probation and the bond conditions by admitting to possessing and consuming marijuana.  The district court issued an order revoking bail and directed the clerk of court to execute a bench warrant for Wilkie's arrest.  The order also granted Wilkie an opportunity for a hearing to set aside the bond forfeiture.

[¶ 7]  In February 2015, Wilkie appeared before the district court on the bench warrant and for another violation of the cash bond order for failing to appear for a drug patch test.  The parties informed the court the previous $11,000 cash bond had been revoked pending a forfeiture hearing.  The court issued an amended $10,000 cash bond order.  The other bond conditions, including participation in the drug patch testing program and compliance with probation conditions, remained the same.  Wilkie's father posted the $10,000 bond.

[¶ 8]  At the bond forfeiture hearing, the district court noted that of the $21,000 paid for Wilkie's bond, his mother paid $11,000 and his father paid $10,000.  The $11,000 paid by Wilkie's mother was subject to forfeiture under the January 2015 order revoking bond. Wilkie's mother testified she wanted the bond money she paid returned to her.  The court returned the $11,000 to Wilkie's mother and issued an amended $21,000 cash bond order.  The $10,000 bond previously posted by Wilkie's father was applied to the amended $21,000 cash bond order and required Wilkie to comply with his probation conditions.  Wilkie's father posted the additional $11,000 to satisfy the amended bond order.

[¶ 9]  In May 2015, the State moved to revoke bail and forfeit bond, stating Wilkie violated his probation and the bond conditions by admitting to possessing and consuming alcohol.  The district court issued an order revoking bail and granted Wilkie an opportunity for a hearing to set aside the bond forfeiture.

[¶ 10]  At the forfeiture hearing, the district court noted that in addition to consuming alcohol as indicated in the

State's forfeiture motion, Wilkie violated the drug patch testing program by failing to appear for a drug patch test while the hearing was pending. Wilkie's attorney requested the bond money posted by Wilkie's father be returned to him. Wilkie's attorney also requested that Wilkie's father be allowed to testify at the hearing. The court did not allow Wilkie's father to testify, found Wilkie violated the bond order, and ordered forfeiture of the bond.

## II

[¶ 11] Wilkie argues the district court erred by requiring him to comply with the provisions of his probation related to the first drug crime as a condition of the cash bond order related to his arrest for the second drug crime.

[¶ 12] A district court's decisions relating to pretrial release conditions under N.D.R.Crim.P. 46(a)(2) are reviewed under the abuse of discretion standard. *State v. Hayes*, 2012 ND 9, ¶ 27, 809 N.W.2d 309. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *State v. Sevigny*, 2006 ND 211, ¶ 12, 722 N.W.2d 515.

[¶ 13] Rule 46(a)(2), N.D.R.Crim.P., grants magistrates, at the initial appearance of a person charged with an offense, the authority to impose release conditions to assure the appearance of the person for trial including:

(A) placing the person in the custody of a designated person or organization agreeing to supervise the person;

(B) requiring the person to maintain employment, or, if unemployed, to actively seek employment;

(C) requiring the person to maintain or begin an educational program;

(D) placing restrictions on the travel, association, or place of abode of the person during the period of release;

(E) requiring the person to avoid all contact with an alleged victim of the crime or with a potential witness who may testify concerning the offense;

(F) requiring the person to report on a regular basis to a designated law enforcement agency, or any other agency;

(G) requiring the person to comply with a specified curfew;

(H) requiring the person to refrain from possessing a firearm, destructive device, or other dangerous weapon;

(I) requiring the person to refrain from any use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in N.D.C.C. ch. 19-03.1, without a prescription by a licensed medical practitioner;

(J) requiring the person to undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and to remain in a specified institution if required for that purpose;

(K) requiring the execution of an appearance bond in a specified amount and the deposit with the court of cash or other security as directed, in an amount not to exceed ten percent of the amount of the bond, which deposit must be returned on performance of the release conditions;

(L) requiring the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu of a bail bond; or

(M) imposing any other conditions reasonably necessary to assure appearance as required, including a condition requiring the return of the person to custody after a specified time of day.

[¶ 14] Under N.D.R.Crim.P. 46(a)(3), when imposing pretrial conditions of release, the magistrate must consider:

(A) the nature and circumstances of the offense charged;

(B) the weight of the evidence against the person;

(C) the person's family ties, employment, financial resources, character and mental condition;

(D) the length of the person's residence in the community;

(E) the person's record of convictions;

(F) the person's record of appearance at court proceedings or of flight to avoid prosecution or failure to appear voluntarily at court proceedings; and

(G) the nature and seriousness of the danger to any person or the community posed by the person's release.

[¶ 15] This case involves Wilkie's numerous violations of the cash bond orders. He appeals from the order forfeiting bond resulting from a violation of the most recent cash bond order dated February 26, 2015, which required him to comply with his conditions of probation. However, at oral argument, Wilkie stated the district court erred by requiring him to comply with his conditions of probation under all of the cash bond orders.

[¶ 16] At Wilkie's initial appearance in October 2014 after being charged with felony drug crimes, the State informed the district court Wilkie was on probation after pleading guilty to felony drug crimes in August 2014. The court discussed the conditions of Wilkie's release:

All right. Your bond will be set in the amount of $10,000. It is a cash bond. You'll need to make all scheduled court appearances; fill out an application for a court appointed attorney; stay—or excuse me, you don't have to do that if you can hire an attorney; stay in regular contact with any attorney who is representing you; notify the Clerk of the Court and your attorney of any change of address or phone number; you'll need to remain within Burleigh and Morton counties; you'll have to have written permission to stay at a local address before you could be released; *you need to comply with all conditions of probation and contact your probation officer within 24 hours of release;* you'll need to participate in the 24/7 drug patch testing if you are released on bond. If you are unable to post bond, you should discuss that further with your attorney.

Emphasis added. The four subsequent cash bond orders also required Wilkie to comply with all conditions of his probation.

[¶ 17] Wilkie argues *State v. Hayes,* 2012 ND 9, 809 N.W.2d 309, supports his argument that the district court erred in requiring him to comply with his probation as a condition of the cash bond order. In *Hayes,* the district court imposed random drug-testing and warrantless searches as a condition of pretrial release after the defendant was arrested and charged with marijuana possession. *Id.* at ¶ 3. We recognized N.D.R.Crim.P. 46(a)(2) did not explicitly authorize warrantless searches as a condition of pretrial release, and accordingly, the court could only have imposed warrantless searches under the catch-all language of N.D.R.Crim.P. 46(a)(2)(M), allowing magistrates to impose any other conditions reasonably necessary to assure appearance at trial. *Hayes,* at ¶¶ 21–22. We held the court abused its discretion by improperly imposing warrantless searches as a pretrial release condition under N.D.R.Crim.P. 46(a)(2)(M) without finding that warrantless searches were appropriate under the circumstances. *Hayes,* at ¶¶ 28, 35.

[¶ 18] Because the requirement to comply with conditions of probation is not

explicitly authorized as a condition of pretrial release under N.D.R.Crim.P. 46(a)(2), Wilkie argues *State v. Hayes*, 2012 ND 9, 809 N.W.2d 309, required the district court to make findings regarding the appropriateness of requiring him to comply with his probation as a condition of pretrial release under the cash bond orders. We disagree. Unlike the defendant in *Hayes*, Wilkie was on probation for a drug crime when he was arrested and charged with additional drug crimes. Probationers "do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.'" *Id.* at ¶ 18 (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987)).

[¶ 19] The district court required Wilkie to comply with the conditions of his probation as a condition of the cash bond order after the State informed the court Wilkie was on probation for a similar felony drug crime. Wilkie's arrest for another drug crime did not relieve him of his obligation to comply with the conditions of his probation. On this record, we cannot conclude the court abused its discretion by requiring Wilkie to comply with his probation as a condition of pretrial release under the cash bond orders. The court's decision was not arbitrary, unreasonable, or unconscionable.

### III

[¶ 20] Wilkie argues the district court erred in forfeiting the bond because the "no alcohol" condition was not imposed upon him. He argues the court should have revoked his probation instead of forfeiting the bond.

[¶ 21] The State moved to revoke bail and forfeit the $21,000 cash bond after Wilkie's probation officer notified the State that Wilkie acknowledged he consumed alcohol. At the forfeiture hearing, the district court noted that in addition to consuming alcohol, Wilkie violated the drug patch testing program by failing to appear for a drug patch test while the hearing was pending. The court addressed Wilkie's violation of the cash bond order:

> Well, again, I mean the bond order didn't specifically prohibit use of alcohol; however, it did require that he comply with all conditions of probation. It was a condition of probation that he not use alcohol. He used alcohol. So he violated the bond order. So the Court will grant the State's motion [to forfeit bond].

[¶ 22] Under N.D.R.Crim.P. 46(a)(2)(I), a magistrate may require an accused to refrain from the use of alcohol as a condition of pretrial release. The bond orders at issue here did not explicitly prohibit Wilkie from using alcohol; however, they did require him to comply with the conditions of his probation. One of the conditions of Wilkie's probation was to refrain from the use and possession of alcoholic beverages.

[¶ 23] The State sought forfeiture of the cash bond under the order dated February 26, 2015, which required Wilkie to comply with all conditions of his probation. The earlier bond orders also required him to comply with all conditions of his probation. Wilkie signed the appendix to the criminal judgment stating he fully understood each condition of his probation. Wilkie also signed each of the bond orders, which state "[i]f the defendant violates any of the conditions of bond, a warrant for the defendant's arrest will be issued and the bond may be revoked or forfeited and the defendant held in custody while the case is pending." His signature on the documents implies he knew and understood the conditions of his probation, the conditions of the bond orders, and that a violation of his

probation constitutes a violation of the bond orders.

[¶ 24] Under N.D.R.Crim.P. 46(f)(1)(A), "[t]he court must declare the bail forfeited if a condition of the bond is breached." The record supports the district court's finding that Wilkie violated the cash bond order. We conclude the court did not err in ordering forfeiture of the cash bond.

## IV

[¶ 25] Wilkie argues his father should have been allowed to testify at the bond forfeiture hearing.

[¶ 26] A district court has broad discretion over the conduct of a hearing, including limitations on the number of witnesses. *Gullickson v. Kline*, 2004 ND 76, ¶ 15, 678 N.W.2d 138. At the forfeiture hearing, Wilkie's attorney requested Wilkie's father be allowed to testify regarding his intentions in posting the cash bond. The court explained its decision to not allow testimony from Wilkie's father:

> Well I don't question his intentions, but anytime somebody posts bond, they take the risk that they're going to lose that money if the person doesn't comply with all the conditions of bond.
>
> . . .
>
> Well his intentions in posting bond really don't matter. Like I say, I don't question that he had good intentions. I don't question that he wanted to get his son in treatment, and I think that's admirable, but anytime you post bond, you take that risk. His intentions, his good intentions or whatever, is irrelevant. I mean if you just want to make an oral offer [of] proof without putting him on the stand as to what he would say, go ahead, so there's a record.

[¶ 27] Wilkie's attorney stated Wilkie's father posted the bond so Wilkie could receive treatment for his drug problems. Despite his good intentions in posting bond, the district court determined testimony from Wilkie's father was not relevant in deciding whether to order forfeiture of the bond. After reviewing the record, we conclude the court did not abuse its discretion by not allowing Wilkie's father to testify.

## V

[¶ 28] We have considered Wilkie's remaining arguments and find them to be either without merit or unnecessary to our decision. The order revoking bail and forfeiting bond is affirmed.

[¶ 29] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

[¶ 30] The Honorable DALE V. SANDSTROM, J., disqualified himself subsequent to oral argument and did not participate in this decision.