Filed 6/29/06 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2006 ND 139

State of North Dakota, Plaintiff and Appellant

v.

Brent Alan Hansen, Defendant and Appellee

No. 20050387

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

APPEAL DISMISSED; VACATION ORDERED.

Opinion of the Court by VandeWalle, Chief Justice.

Wayne K. Stenehjem (on brief), Attorney General, Robert P. Bennett (argued), Assistant Attorney General, Office of Attorney General, 600 East Boulevard Avenue, Bismarck, N.D. 58505-0040, and Tracy Jo Peters (appeared), Assistant State’s Attorney, P.O. Box 2806, Fargo, N.D. 58108-2806, for plaintiff and appellant.

Mark Anthony Beauchene (argued), P.O. Box 1680, Fargo, N.D. 58107-1680, for defendant and appellee.

State v. Hansen

No. 20050387

VandeWalle, Chief Justice.

[¶1] 
The State of North Dakota appealed from a conviction entered upon Brent Hansen’s guilty plea to three drug offenses after the district court ruled the provisions for random drug testing as a condition of bail in N.D.C.C. § 19-03.1-46 were unconstitutional.  We conclude the State’s appeal is moot.  We dismiss the appeal but we exercise our supervisory jurisdiction to vacate the district court’s ruling on the constitutionality of N.D.C.C. § 19-03.1-46.

I

[¶2] The State charged Hansen with possession of methamphetamine in violation of N.D.C.C. § 19-03.1-23(6), a class C felony; possession of methamphetamine paraphernalia in violation of N.D.C.C. § 19-03.4-03, a class C felony; possession of marijuana paraphernalia in violation of N.D.C.C. § 19-03.4-03, a class A misdemeanor; and possession of less than one half ounce of marijuana in violation of N.D.C.C. § 19-03.1-23(6), a class B misdemeanor.  

[¶3] During Hansen’s October 7, 2005, initial appearance, the district court appointed counsel for Hansen.  The State requested bail, and in response to a question from the court, the State indicated it had no “information that the imposition of random drug testing would be necessary to insure [Hansen’s] presence.”  The court asked Hansen’s court-appointed counsel whether he “would . . . like to be heard on bail . . . [a]nd, in particular . . . whether or not the random drug testing requirement of Section 19-03.1-46 may be unconstitutional as it—as a violation of separation of powers, and as a result of the fact that we have a rule on bail, and whether it might be unconstitutional as a result of unreasonable search because the statute doesn’t allow for any showing of the necessity therefor.”  Hansen’s court-appointed counsel then “challenge[d] the statute on those grounds” and asked the court to find 

unconstitutional the imposition of random drug testing as a condition of bail.  The court acknowledged it was “springing” the issue on the State, and the State responded it was not adequately prepared to argue the constitutionality of the requirement for drug testing, but “we might as well start that [briefing] process now.”  

[¶4] The district court decided it would not impose a requirement for random drug testing as a condition of Hansen’s bail under N.D.C.C. § 19-03.1-46, because its “initial inclination is to find the—statutory requirement, especially as it exists in this case, unconstitutional.”  The court indicated it would prepare a written opinion, and if the State wanted a bail review, it could ask the court to review the issue.  In a lengthy written opinion dated the same day as the initial appearance and filed with the clerk of court on October 10, 2005, the court concluded random drug testing was required for this methamphetamine case under N.D.C.C. § 19-03.1-46 and the required testing violated both the separation-of-powers doctrine and the state and federal constitutional provisions against unreasonable searches and seizures.  The court thus ruled the conditions of Hansen’s bail would not include a requirement that he submit to random drug testing at his expense.  On October 24, 2005, the State appealed the order under the rationale of 
State v. Hanson
, 558 N.W.2d 611, 612 (N.D. 1996), which allowed an appeal from a district court order declaring unconstitutional a statute granting prosecutors reciprocal discovery.  On December 20, 2005, this Court temporarily remanded to the district court for consideration of a change of plea and sentencing.  On December 21, 2005, the State dismissed the charge for possession of methamphetamine paraphernalia, and Hansen pled guilty to the other charges and was sentenced.

II

[¶5] The State argues its appeal is not moot even though Hansen has pled guilty and is no longer subject to bail.  The State claims the district court erred in declaring N.D.C.C. § 19-03.1-46 unconstitutional, because Hansen did not properly raise the issue and the required notice for a challenge to the constitutionality of a statute was not given to the attorney general.  The State also argues the district court erred in deciding N.D.C.C. § 19-03.1-46 violates the separation-of-powers doctrine and the state and federal constitutional prohibitions against unreasonable searches and seizures.  
Hansen argues the State’s appeal is not moot, but he argues N.D.C.C. § 19-

03.1-46 violates the separation-of-powers doctrine and the state and federal constitutional provisions against unreasonable searches and seizures.  

[¶6] Hansen has pled guilty to three of the criminal charges and the fourth charge was dismissed.  He has been sentenced and is no longer subject to bail conditions.  Moreover, this record reflects Hansen was not released on bail before he entered the guilty plea.  Consequently, any opinion by this Court regarding Hansen’s bail conditions would no longer affect him.   

[¶7] We do not render advisory opinions, and we will dismiss an appeal if the issues become moot or so academic that no actual controversy is left to be decided.  
In Interest of E.T.
, 2000 ND 174, ¶ 5, 617 N.W.2d 470; 
Sposato v. Sposato
, 1997 ND 207, ¶ 8, 570 N.W.2d 212; 
Ashley Educ. Ass’n v. Ashley Pub. Sch. Dist.
, 556 N.W.2d 666, 668 (N.D. 1996).  The prohibition of advisory opinions requires an actual controversy before a court can properly adjudicate an issue.  
E.T.
, at ¶ 5; 
Sposato
, at ¶ 8; 
Ashley
, at 668.  An actual controversy does not exist when due to the lapse of time or the occurrence of related events prior to the appellate court’s determination, the appellate court is unable to render effective relief.  
E.T.
, at ¶ 5; 
Sposato
, ¶ 8; 
Ashley
, at 668.  However, an appeal of an issue characterized as moot will not be dismissed if it is capable of repetition yet evading review.  
E.T.
, at ¶ 5; 
Sposato
, ¶ 9; 
Ashley
, at 668.

[¶8] Although the issue raised in this case is capable of repetition, it can be reviewed if it arises in the future.  We have said that merely because an issue may arise in the future does not authorize this Court to render a purely advisory opinion.  
E.T.
, 2000 ND 174, ¶ 7, 617 N.W.2d 470.  We do not believe this dispute involves an issue which is likely to be repeated without a meaningful opportunity for judicial review.  
See
 
E.T.
, at ¶ 7; 
Ashley
, 556 N.W.2d at 668.  Here, Hansen’s guilty plea made the issue moot, not time alone.  
See
 
Ashley
, at 668; 
Rolette Educ. Ass’n v. Rolette Pub. Sch. Dist.
, 427 N.W.2d 812, 814-15 (N.D. 1988).  We conclude the issue raised in this appeal is not capable of repetition in a manner that will evade review.  [¶9] An appeal of a moot issue also will not be dismissed if it involves a question of great public interest and the power and authority of public officials.  
E.T.
, 2000 ND 174, ¶ 5, 617 N.W.2d 470; 
Sposato
, 1997 ND 207, ¶ 9, 570 N.W.2d 212; 
Ashley
, 556 N.W.2d at 668.  In 
Forum Publ’g Co. v. City of Fargo
, 391 N.W.2d 169, 170 (N.D. 1986) (quoting 
Hart v. Bye
, 86 N.W.2d 635, 637 (N.D. 1957)), we discussed public interest:

“‘We understand “public interest” to mean more than mere curiosity; it means something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected. It does not mean anything so narrow as the interest of the particular localities which may be affected by the matter in question.’”

[¶10] Here, this record reflects Hansen was not released on bail before he ultimately pled guilty to the charges.  Hansen did not initially raise the issue about the constitutionality of N.D.C.C. § 19-03.1-46.  Rather, the district court raised the issue on its own initiative without notice to the attorney general and without the benefit of briefing by the state or the attorney general.  
See
 
Jaste v. Gailfus
, 2004 ND 94, ¶ 16, 679 N.W.2d 257 (reversing summary judgment granted on issue that was not asserted by parties); 
City of Jamestown v. Snellman
, 1998 ND 200, ¶¶ 13-14, 586 N.W.2d 494 (reversing district court’s dismissal of prosecution without providing opportunity to be heard); 
Belden v. Hambleton
, 554 N.W.2d 458, 461 (N.D. 1996) (directing district court to dismiss entity as party defendant where court on its own motion had joined entity as party).  Our procedure for constitutional adjudication requires deliberate and reasoned review of statutes, which requires that constitutional claims be properly raised.  
See
 
Riemers v. Omdahl
, 2004 ND 188, ¶ 19, 687 N.W.2d 445 (requiring citation to relevant authority for constitutional claims).  For example, in 
Hanson
, 558 N.W.2d at 611-12, the defendant made a constitutional challenge to a statutory provision granting prosecutors reciprocal discovery and thereafter the district court ruled the statutory provision violated the separation-of-powers doctrine.  

[¶11] Our jurisprudence for deciding constitutional issues requires an orderly process for the development of constitutional claims, which, unlike in 
Hanson
, was not followed in this case.  Rather, the district court raised the issue without briefing by any party and without notice to the attorney general. Defense counsel did raise the issue but only after embracing the court’s invitation to do so.  Although the court indicated the State could ask for a bail review, the court nevertheless expressed its initial inclination that the statutory requirement for random drug testing was unconstitutional and issued a lengthy written opinion the same day.  Unfortunately the procedure employed by the district court not only leaves the impression that the issue was going to be decided whether or not raised by the parties but that the decision was predetermined.  This procedure is not conducive to reasoned decision making.  Under these circumstances, although there well may be some public interest in this issue in a case that is properly before us, we conclude Hansen’s subsequent guilty plea rendered the issues raised in this appeal moot and the procedural posture of the case militates against the application of the exceptions to the mootness doctrine. 

[¶12] Because the district court failed to follow established procedures and orderly process in this case and in recognition of the concern we expressed in 
Hanson
, 558 N.W.2d at 612, about one district court judge having the final say on the constitutionality of a statute, we exercise our supervisory jurisdiction to vacate the court’s order determining that the requirement for random drug testing as a condition of bail in N.D.C.C. § 19-03.1-46 is unconstitutional.  
See
 
State v. Haskell
, 2001 ND 14, ¶¶ 4, 10, 621 N.W.2d 358; 
Traynor v. Leclerc
, 1997 ND 47, ¶¶ 6, 19, 561 N.W.2d 644.

III

[¶13] We dismiss the State’s appeal and vacate the district court’s order holding N.D.C.C. § 19-03.1-46 unconstitutional.  

[¶14] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring