ALD-136                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4409
_____

ISAN CONTANT,
                                        Appellant
v.

CAMERON LINDSAY, Warden,
Moshannon Valley Correctional Center

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00204)
District Judge:  Honorable Kim R. Gibson

_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 22, 2012

Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: March 30, 2012)
_____

OPINION
_____

PER CURIAM.

Isan Contant appeals from an order of the United States District Court for the

Western District of Pennsylvania that denied his petition filed pursuant to 28 U.S.C.

§ 2241. We will dismiss the appeal as moot.

Contant's § 2241 petition challenged the calculation of his criminal sentence by the Federal Bureau of Prisons ("BOP"). Contant alleged that the BOP should have credited his criminal sentence for time spent in custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In response, the respondents indicated that the United States Attorney's Office had contacted the BOP, and that the BOP had determined that Contant was entitled to 8 days of credit against his criminal sentence. The respondents explained that the additional 36 days of credit that Contant requested were not warranted, because that time frame was prior to the date when ICE referred Contant for criminal prosecution. The Magistrate Judge assigned to the case recommended that the District Court dismiss the petition as moot with regard to the 8 days that Contant had been credited, and that the Court deny the petition with respect to the request for the remaining days of credit. The District Court adopted the Magistrate Judge's Report and Recommendation, and additionally held that Contant's petition should be denied because he had failed to exhaust administrative remedies.

Contant filed a timely notice of appeal. Several days later, Contant satisfied his sentence and was released from BOP custody to ICE custody.[1] Appellees then filed a motion for summary action, arguing that we should dismiss the appeal as moot or, in the alternative, affirm the District Court's order denying Contant's habeas petition. Contant

[1] Contant was removed to Trinidad and Tobago on February 8, 2012. See Motion to Dismiss, Contant v. Holder, No. 12-1479, filed March 8, 2012.

2

argues that the appeal is not moot, because he intends to "file an action pursuant to 42 U.S.C. § 1983 and/or an action under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), so that he can recover monetary damages for his wrongful imprisonment" for 36 days. He also argues that the appeal raises substantial questions regarding the District Court's denial of his petition.

In order to exercise jurisdiction over this appeal, we must assure ourselves that the appeal raises an Article III § 2 case or controversy. Spencer v. Kemna, 523 U.S. 1, 7 (1998). When a habeas petitioner's sentence has expired, he must demonstrate that some "collateral consequence" of the conviction still exists to show that a case or controversy continues. Id. If an appellant is attacking an expired sentence, "collateral consequences will not be presumed, but must be proven." Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009) (citing United States v. Cottman, 142 F.3d 160, 165 (3d Cir. 1998)). The Supreme Court has indicated that one may establish collateral consequences only when there is a likelihood that a favorable decision would redress the injury or wrong. Burkey, 556 F.3d at 148 (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) and Spencer v. Kemna, 523 U.S. 1, 7 (1998)). In his § 2241 petition, Contant sought credit against his criminal sentence; he did not attack his conviction in any way. As he has finished serving his sentence, a favorable decision here would not afford him the relief that he sought. Although Contant argues that he intends to file a civil rights complaint for monetary damages, such an allegation does not constitute the type of continuing

3

injury that is sufficient for mootness purposes.[2]  See Okereke v. United States , 307 F.3d

117, 121 (3d Cir. 2002) (appellant must demonstrate that he has suffered or is threatened

with actual injury traceable to district court's decision that can be redressed by favorable

decision in appellate court).

For the foregoing reasons, we will dismiss the appeal.  The order of the District

Court entered November 23, 2011 will be vacated and the matter remanded to the District

Court, with instructions to dismiss the habeas petition as moot. See United States v.

Munsingwear, Inc., 340 U.S. 36, 39 (1950).

---

[2] It appears that if Contant were to file a civil rights lawsuit to contest the length of his
sentence, such suit would be barred by Heck v. Humphrey, 512 U.S. 477 (1994).  See
Williams v. Consovoy, 453 F.3d 173, 177-78 (3d Cir. 2006) (Heck's favorable-
termination requirement applies and civil rights lawsuit not available to litigant for whom
habeas relief is no longer available); Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005)
(same).  However, even if Contant's appeal were not moot, we would affirm the District
Court's holding on the merits, as we do not believe that he was in "official detention"
until ICE officials requested that he be prosecuted.  Contant thus would not be able to
fulfill the favorable-termination requirement.