2014 ND 49

**Ricky James RODRIGUEZ, Petitioner and Appellant**

v.

**NORTH DAKOTA STATE PENITENTIARY, Donald Redmann, Interim Warden, Respondents and Appellees.**

No. 20130335.

Supreme Court of North Dakota.

March 11, 2014.

David N. Ogren (argued), Grand Forks Public Defender Office, Grand Forks, ND, for petitioner and appellant.

Ken R. Sorenson (appeared) and Lori Mickelson (argued), Assistant Attorneys General, Office of Attorney General, Bismarck, ND, for respondents and appellees.

McEVERS, Justice.

[¶ 1] Ricky James Rodriguez appeals the district court's denial of his petition for writ of mandamus. We do not reach the merits of Rodriguez's argument because we conclude the issue on appeal is now moot. We therefore dismiss the appeal.

## I

[¶ 2]  On December 17, 2008, Rodriguez pled guilty to aggravated assault, a violation of N.D.C.C. § 12.1–17–02(1), and was sentenced to serve five years in the custody of the North Dakota Department of Corrections and Rehabilitation ("NDDOCR"), with two of the five years suspended, and three years supervised probation following his release.

[¶ 3]  On September 6, 2012, Rodriguez's probation was revoked, and he was re-sentenced to five years in the custody of the NDDOCR, with "credit for three (3) years previously served," and thirty-nine days credit.  Originally, the NDDOCR calculated the eighty-five percent required to be served in confinement under N.D.C.C. § 12.1–32–09.1 based on the remaining two years of Rodriguez's sentence but recognized this was an error and recalculated the eighty-five percent based on the actual time Rodriguez spent in custody.  On August 22, 2013, Rodriguez petitioned for a writ of mandamus, asking the district court to order the NDDOCR to recalculate his eligibility for parole, giving him credit for 1,134 days (three years and thirty-nine days) rather than 1,024 days (actual time spent in custody).  On September 4, 2013, the State Penitentiary objected to Rodriguez's petition.  On October 9, 2013, a hearing occurred.  On October 21, 2013, the district court denied Rodriguez's petition for writ of mandamus, holding Rodriguez failed to establish he has a clear legal right to a release from the NDDOCR prior to serving the balance remaining of the eighty-five percent, 527 days, as a result of his re-sentencing on September 6, 2012.  The district court concluded the statute was clear and unambiguous.  Rodriguez appealed.  Rodriguez became eligible for parole on February 13, 2014.

[¶ 4]  Rodriguez argues he did not fail to demonstrate he has a clear right to be eligible for release on parole before he has served eighty-five percent of his sentence in confinement as required by N.D.C.C. § 12.1–32–09.1.  Rodriguez claims the district court's order for "credit for three (3) years previously served" means he receives credit for time the district court ordered at re-sentencing regardless of the time he actually served.

[¶ 5]  Prior to oral argument, on February 18, 2014, the State Penitentiary notified the Court the issue raised may be moot due to Rodriguez becoming eligible for parole.  On February 20, 2014, Rodriguez responded to the mootness argument.

## II

[¶ 6]  We need not discuss the merits of this case because the issue is moot.  "When it becomes impossible for the Court to issue relief, no controversy exists and the issue is moot." *State v. Grager*, 2006 ND 102, ¶ 11, 713 N.W.2d 531.  "We do not render advisory opinions and will dismiss an appeal if the issue becomes moot." *Id.* "An appeal becomes moot when by lapse of time or by events occurring prior to our decision this Court is unable to render effective relief." *State v. Patten*, 366 N.W.2d 459, 460 (N.D.1985).  "[A]n appeal of an issue characterized as moot will not be dismissed if it is capable of repetition yet evading review." *State v. Hansen*, 2006 ND 139, ¶ 7, 717 N.W.2d 541.  Further, "[a]n appeal of a moot issue also will not be dismissed if it involves a question of great public interest and the power and authority of public officials." *Id.* at ¶ 9. "Public interest" means:

[M]ore than mere curiosity; it means something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected.  It does not mean anything so narrow as the interest of the particular localities

which may be affected by the matter in question.

*Id.* (citation omitted).

[¶ 7] Although the issue raised in this case is capable of repetition, if it arises in the future, it can be reviewed. This Court is not authorized to render purely advisory opinions merely because the issue may arise in the future. *See Hansen,* 2006 ND 139, ¶ 8, 717 N.W.2d 541. We conclude this dispute involves an issue which is not likely to be repeated without a meaningful opportunity for judicial review, and this appeal is not capable of repetition in a manner that will evade review. While the case clearly involves the power and authority of public officials, Rodriguez has not argued or shown the controversy is one of great public concern. Under these circumstances, if this Court were to decide the merits of the writ of mandamus, our decision would be purely advisory because Rodriguez became eligible for parole on February 13, 2014.

[¶ 8] We hold this appeal is moot, and we dismiss Rodriguez's appeal.

[¶ 9] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.