# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 95

State of North Dakota,                                          Plaintiff and Appellee

v.

Perry Brian Oshiro, II,                                      Defendant and Appellant

### Nos. 20210254–20210256

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

DISMISSED.

Opinion of the Court by Tufte, Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, N.D., for plaintiff and appellee; submitted on brief.

Tyler J. Morrow (argued) and Kiara C. Kraus-Parr (on brief), Grand Forks, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Perry Oshiro II appeals from a district court order denying his motion to correct his sentence. On appeal, Oshiro argues the court illegally sentenced him because the court did not give him credit for all the days he previously had served. Because Oshiro was released from prison while this appeal was pending, we dismiss the appeal as moot.

I

[¶2]   In 2015, Oshiro pled guilty to failure to report a change of address as a registered sex offender in violation of N.D.C.C. § 12.1-32-15(7) in case 53-2014-CR-02462. He was sentenced, and his probation was later revoked. He was then resentenced and placed back on probation. In 2020, Oshiro's probation was revoked again, and he was resentenced to serve 366 days with no probation to follow. Oshiro filed a motion to correct his sentence to include credit for 26 days of time he previously had served. The court granted the motion and entered an amended judgment to reflect additional credit. This sentence ran concurrently with cases 53-2015-CR-00006 and 53-2018-CR-00487.

[¶3]   Also in 2015, Oshiro pled guilty to theft of property in case 53-2015-CR-00006. He was sentenced, his probation was later revoked, and he was then resentenced and placed back on probation. In 2020, Oshiro's probation was revoked again and he was resentenced to serve 366 days to run concurrently with the other two criminal cases on appeal here with no probation to follow.

[¶4]   In 2019, Oshiro pled guilty to one count of bribery and one count of conspiracy to commit bribery in case 53-2018-CR-00487. He was sentenced to time served and placed on probation. In 2020, Oshiro's probation was revoked and he was resentenced to 366 days with no probation to follow, concurrent with the 02462 and 00006 cases. Oshiro moved the court to correct his sentence in all three of his cases, seeking credit "for 185 days served in 2019 in his original Judgment in case 53-2018-CR-00487." The court denied his request for 185 days' credit, finding "the court credited the defendant with 185 days' time served at his original sentencing hearing, and he is not entitled to receive

double-credit for purposes of his probation revocation sentence." Oshiro appeals the court's order denying his motion to correct his sentence entered in these three cases.

[¶5] Oshiro completed his revocation sentence that ran concurrently during the pendency of this appeal. He was released from prison on December 13, 2021.

II

[¶6] Although neither party raises mootness, this Court must consider the threshold issue of mootness before it can reach the merits of an appeal. *In re W.O.*, 2004 ND 8, ¶ 10, 673 N.W.2d 264. "When it becomes impossible for the Court to issue relief, no controversy exists and the issue is moot." *Rodriguez v. N.D. State Penitentiary*, 2014 ND 49, ¶ 6, 843 N.W.2d 692. This Court does not "render advisory opinions and will dismiss an appeal if the issue becomes moot." *Id*. "An appeal becomes moot when by lapse of time or by events occurring prior to our decision this Court is unable to render effective relief." *Id*. However, "[a]n appeal is not moot if the trial court's decision continues to have collateral consequences for the appellant." *State v. Olson*, 2003 ND 23, ¶ 9, 656 N.W.2d 650.

[¶7] While this Court has yet to directly address whether a defendant's release from custody renders his sentencing appeal moot, we have addressed mootness in a similar context. In *Rodriguez*, the petitioner appealed from a denial of his petition for writ of mandamus. 2014 ND 49, ¶ 1. During the pendency of the appeal, the petitioner became eligible for parole. *Id*. at ¶ 5. Because "our decision would be purely advisory" given the petitioner's recent eligibility for parole, we refused to "discuss the merits of the case because the issue is moot." *Id*. at ¶¶ 6–7.

[¶8] Courts that have addressed this issue have concluded that defendants' sentencing appeals are moot if they have completed their prison terms and are released while their appeals are pending. *See Owen v. United States*, 930 F.3d 989, 990–91 (8th Cir. 2019) (concluding defendant's appeal was moot where "he challenged only the term of imprisonment that has now expired"); *United States v. Solano-Hernandez*, 761 Fed. App'x 276, 280 (5th Cir. 2019)

2

(concluding defendant's appeal of his sentence was moot because defendant had completed his revocation sentence and was not sentenced to a term of supervised release relating to that sentence); *State v. Montgomery*, 286 P.3d 866, 871 (Kan. 2012) (concluding defendant's appeal of his probation revocation sentence was moot because "the prison term that [petitioner] was ordered to serve has been completed"); *Casiano v. State*, 280 So. 3d 105, 106–07 (Fla. Dist. Ct. App. 2019) (concluding that a defendant's appeal of his prison sentence was moot because he had served his sentence and had been released from prison). When a defendant is released from prison after completing his sentence and is not subject to a term of supervised release or probation relating to that sentence, there are no collateral consequences from the defendant's sentence. *Owen*, 930 F.3d at 990–91; *Solano-Hernandez*, 761 Fed. App'x at 280.

[¶9] Oshiro's release from prison during the pendency of this appeal makes it impossible for this Court to issue any sort of relief or remedy. Oshiro has completed his concurrent revocation sentences. We cannot change credit for time served because the prison term Oshiro was ordered to serve has been completed. Further, the district court's revocation sentence does not continue to have collateral consequences for Oshiro because his sentence did not include a term of supervised release or probation after he served his prison term. Oshiro fully completed the terms of his revocation sentence, leaving no adverse consequence to suffer as a result of the revocation sentence. Therefore, similar to *Rodriguez*, this appeal presents a request for an advisory opinion because no actual controversy remains. We conclude the appeal is moot.

III

[¶10] The appeal is dismissed.

[¶11] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte