# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 44

State of North Dakota,                                    Plaintiff and Appellee

v.

Chad Trolon Isaak,                                    Defendant and Appellant

## No. 20220031

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

APPEAL DISMISSED.

Opinion of the Court by McEvers, Justice.

Karlei K. Neufeld (argued), Assistant Attorney General, Bismarck, ND, and Chase R. Lingle, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Kiara Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Chad Isaak died after appealing from a criminal judgment. His counsel argues the case should either be dismissed because the judgment is not yet final or the appeal should be decided on the merits. The State argues the appeal is moot and the judgment should stand. No one has sought substitution on Isaak's behalf. The victims' families have not asserted a constitutional right to have the appeal proceed to disposition on the merits. The district court did not order restitution or fees. Absent any of these occurrences, and with no other apparent collateral consequences from a decision by this Court, we conclude the appeal is moot and dismiss it. The judgment stands as issued by the district court.

I

[¶2]   After law enforcement investigated multiple killings that occurred in Mandan, the State charged Isaak with burglary, unlawful entry, unauthorized use of a motor vehicle, and four counts of murder. A jury found Isaak guilty on all counts. The district court sentenced Isaak to life imprisonment without the possibility of parole. The court waived all fees and did not order restitution. Isaak appealed. He raised issues concerning voir dire, his right to a public trial, and his right to be present during trial. He died before the State responded. After learning of Isaak's death, we stayed the appeal and instructed the attorneys for each side to file supplemental briefing regarding mootness, abatement, and victims' rights. Because the case presents an issue of first impression, we waived our procedural rule that ordinarily requires dismissal after the death of a party absent a motion for substitution. *See* N.D.R.App.P. 43 ("If no action is taken to substitute the decedent's personal representative or other appropriate party, the appeal must be dismissed unless otherwise ordered by the court.").

## II

[¶3]   Isaak's counsel asks us to apply the doctrine of abatement ab initio and nullify his conviction because it is not final. His counsel alternatively argues the appeal should be decided on the merits because it presents important constitutional questions. The State asserts application of abatement ab initio would be contrary to the constitutional rights of the victims and their families. The State argues the appeal is moot, it should be dismissed, and the judgment should stand.

### A

[¶4]   Abatement ab initio is a common law rule. *Commonwealth v. Hernandez*, 118 N.E.3d 107, 110 (Mass. 2019). "An abatement ab initio of a criminal prosecution means a dismissal of all proceedings in the prosecution from its inception." *People v. Peters*, 517 N.W.2d 773, 775 (Mich. App. 1994). "That is, the appeal does not just disappear, and the case is not merely dismissed. Instead, everything associated with the case is extinguished, leaving the defendant as if he had never been indicted or convicted[.]" *Hernandez*, at 110 (quoting *United States v. Estate of Parsons*, 367 F.3d 409, 413 (5th Cir. 2004)). The rule is grounded on a theory that the purpose for criminal prosecution is to punish guilty defendants, and "it is useless to continue such prosecutions when the defendant is dead." *State v. Burrell*, 837 N.W.2d 459, 464 (Minn. 2013). Another rationale is that appeals are integral to our system of justice and defendants should not be labeled guilty until they have exhausted their opportunity to appeal. *People v. Griffin*, 328 P.3d 91, 92-93 (Colo. 2014).

[¶5]   No guiding precedent from the United States Supreme Court exists. In *Durham v. United States*, 401 U.S. 481, 483 (1971), the Supreme Court abated a conviction when a defendant died while his petition for certiorari was pending. In *Dove v. United States*, 423 U.S. 325, 325 (1976), the Supreme Court dismissed a petition that was pending when a defendant died. The Supreme Court's decision in *Dove* overruled *Durham* "[t]o the extent [it] may be inconsistent." *Dove*, at 325. Federal circuit courts of appeal have generally applied the doctrine of abatement ab initio. *See United States v. Christopher*, 273 F.3d 294, 297 (3d Cir. 2001) (collecting cases); *United States v. Coddington*,

802 F. App'x 373, 374 n.2 (10th Cir. 2020). The federal cases are not persuasive because the federal constitution does not provide victims of crime with rights similar to the North Dakota Constitution. *See* N.D. Const. art. I, § 25.

[¶6]  States that have addressed the issue have struggled with balancing a deceased defendant's right to appeal against the interests of crime victims. *See generally Burrell*, 837 N.W.2d at 463-67 (collecting the approaches of various jurisdictions). Some states abate the conviction entirely. *See, e.g., People v. Robinson*, 719 N.E.2d 662, 664 (Ill. 1999) ("a defendant's conviction abates *ab initio* if defendant dies while his direct appeal is pending"). Other states dismiss the appeal and allow the conviction to stand. *See, e.g., State v. Korsen*, 111 P.3d 130, 135 (Idaho 2005) ("we hold that a criminal conviction and any attendant order requiring payment of court costs and fees, restitution or other sums to the victim, or other similar charges, are not abated, but remain intact"). Various states fall somewhere in the middle. *See, e.g., People v. Peters*, 537 N.W.2d 160, 161 (Mich. 1995) (appeal should be dismissed and conviction should stand absent collateral consequences; purely penal sanctions should be abated ab initio); *State v. Carlin*, 249 P.3d 752, 754 (Alaska 2011) ("defendant's conviction will stand unless the defendant's personal representative elects to continue the appeal"); *State v. Hollister*, 329 P.3d 1220, 1226-27 (Kan. 2014) (courts should only address certain types of issues raised by the decedent); *State v. Reed*, 456 P.3d 453, 461-62 (Ariz. 2020) (mixing approaches from different jurisdictions); *see also Hernandez*, 118 N.E.3d at 114-15 nn.12-15 (collecting cases from various jurisdictions). States appear to be trending away from applying abatement ab initio due, in part, to contemporary recognition of victims' rights. *See State v. Al Mutory*, 581 S.W.3d 741, 748 (Tenn. 2019); *see also* 7 Wayne R. LaFave et al., *Criminal Procedure* § 27.5(a) (4th ed. 2015).

B

[¶7]  Whether to apply the doctrine of abatement ab initio is a question of first impression in North Dakota. The closest we have come to addressing the issue is *State v. Dalman*, 520 N.W.2d 860 (N.D. 1994). Dalman moved for post-conviction relief seeking to withdraw a guilty plea. *Id.* at 861. His application was denied, and he died after appealing. *Id.* at 861-62. This Court held his

3

death mooted the appeal. *Id.* at 862. Justice Levine concurred explaining she would have abated the conviction if the case was a direct appeal because "when an appeal has been taken from a conviction, and death has deprived the accused of her right to appellate review, the defendant should not stand convicted without resolution of her appeal." *Id.* at 865. However, unlike *Dalman,* Isaak's case is a direct appeal challenging the validity of his convictions. Isaak's statutory right to appeal has not expired by a lapse of time. *See* N.D.C.C. § 29-28-03 (criminal appeals may be taken as a matter of right). We thus do not read *Dalman* to bind us to any specific approach.

[¶8]   Since *Dalman*, North Dakota adopted N.D. Const. art I, § 25, which provides various rights to crime victims. Section 25(1)(n) guarantees victims the "right to full and timely restitution in every case." Section 25(1)(o) specifically provides crime victims the right "to a prompt and final conclusion of the case and any related post-judgment proceedings." *See also* N.D.C.C. § 12.1-34-02(13) (victims are entitled to prompt disposition of criminal cases). Under N.D. Const. art. I, § 25(1)(q), victims have the right to be heard in criminal proceedings and to participate in "all post-judgment processes and procedures." Section 25(2) specifically allows a victim, a victim's representative, or the State to "assert and seek enforcement of the rights enumerated in this section."

[¶9] We conclude the common law doctrine of abatement ab initio is inconsistent with N.D. Const. art. I, § 25. Although a criminal defendant may have enjoyed a statutory right to appeal before his death, deceased individuals' statutory rights cannot prevail over the constitutional rights of the living. Abatement of criminal convictions would foreclose victims' rights to fair treatment under the law and to meaningfully participate in the criminal justice system. *See* N.D. Const. art. I, § 25(1) (victims' rights must be "respected and protected by law in a manner no less vigorous than the protections afforded to criminal defendants"); *see also State v. Devin*, 142 P.3d 599, 605-06 (Wash. 2006) (abatement ab initio is inconsistent with victims' rights to restitution and a constitutional provision requiring victims receive "due dignity and respect"); *Korsen*, 111 P.3d at 135 (criminal conviction held not abated by virtue

4

of victims' constitutional rights provisions). We therefore decline to adopt the doctrine of abatement ab initio.

C

[¶10] We are left to decide whether there is an actual controversy before us. *See Somerset Court, LLC v. Burgum*, 2021 ND 58, ¶ 9, 956 N.W.2d 392 (we do not give advisory opinions on abstract legal questions). When there is no controversy to be decided, appeals will be dismissed as moot. *State v. Hansen*, 2006 ND 139, ¶ 7, 717 N.W.2d 541. "An actual controversy does not exist when due to the lapse of time or the occurrence of related events prior to the appellate court's determination, the appellate court is unable to render effective relief." *Id*. An appeal is not moot, however, if the decision would have collateral consequences. *State v. Oshiro*, 2022 ND 95, ¶ 6, 974 N.W.2d 365; *see also State v. Olson*, 2003 ND 23, ¶ 9, 656 N.W.2d 650.

[¶11] We have analyzed whether a living defendant will suffer collateral consequences when deciding questions of mootness in criminal cases. *See, e.g., Oshiro*, 2022 ND 95, ¶ 9 (whether release from custody mooted appeal); *Olson*, 2003 ND 23, ¶ 9 (whether subsequent criminal conviction mooted appeal from probation revocation proceeding). We have never addressed collateral consequences in the context of a criminal defendant's death before disposition of a direct appeal. Other jurisdictions have recognized financial consequences to a defendant's estate and the interests of victims are sufficient to present an actual controversy when a defendant dies before disposition of his or her appeal. *See, e.g., Hernandez*, 118 N.E.3d at 120 (discussing "the potential impact abatement ab initio can have on collateral matters, including undermining issue preclusion"); *Carlin*, 249 P.3d at 764 (discussing financial consequences to defendants' estates and the interests of victims "in condemning the offender"); *State v. McDonald*, 424 N.W.2d 411, 414 (Wis. 1988) (discussing collateral issues incident to murder cases).

[¶12] Isaak's conviction did not result in an order for restitution and all the criminal fees were waived. Isaak's personal representative has not requested to serve as substitute. *See* N.D.R.App.P. 43; *see also* N.D.C.C. § 30.1-18-03(3). We are not aware of any wrongful death suits or claims against Isaak's estate

5

implicating preclusion questions. None of the victims' families in this case have asserted a right or interest in having us decide the merits of the appeal. Any solace the guilty verdict provides them could disappear if we reversed the judgment on legal issues. *See State v. Garland*, 694 A.2d 564, 569 (N.J. 1997) (when a decedent's conviction is reversed he cannot be retried and "the victims of the crime cannot win"). In a future case, there may be circumstances requiring this Court decide the merits of an appeal after a defendant's death. None are present here. Isaak is no longer alive to serve his sentence if we were to affirm the judgment. If we were to reverse the judgment, we could not grant Isaak the new trial he sought. Under these circumstances, a decision would be advisory.

## III

[¶13] We dismiss the appeal as moot. The judgment stands as issued by the district court.

[¶14]   Jon J. Jensen, C.J.
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr
        Douglas L. Mattson, D.J.

[¶15] The Honorable Douglas L. Mattson, D.J., sitting in place of Crothers, J., disqualified.

6