# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 88

Colby Jaymes Fowler,                                                    Plaintiff

   v.

Madylene Sue Fowler

n/k/a Madylene Sue Smith,                          Defendant and Appellee

     and

Gjesdahl Law, P.C.,                          Interested Party and Appellant

### No. 20240308

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Theodore W. Ramage (argued), Tracy J. Lyson (appeared), and Tasha M. Gahner (on brief), Fargo, ND, for defendant and appellee.

Michael L. Gjesdahl, Fargo, ND, for interested party and appellant.

**Crothers, Justice.**

[¶1]   Gjesdahl Law, P.C., appeals from the district court's order finding Colby Fowler's application for an order to show cause was frivolous and ordering sanctions against Gjesdahl Law. We reverse.

I

[¶2]   Colby Fowler retained Gjesdahl Law to represent him in a divorce from his wife, Madylene Fowler. Colby Fowler through Gjesdahl Law filed an application for an order to show cause finding Madylene Fowler in contempt of court for violating the requirements of a summons when she would not return from out of state to North Dakota with the couple's minor child. The district court denied the motion, found it frivolous, and sanctioned Gjesdahl Law under N.D.R.Civ.P. 11(b)(2). The sanction required Gjesdahl Law to pay $1,200 in attorney's fees to Madylene Fowler's attorneys. This timely appeal followed.

II

[¶3]   Gjesdahl Law argues the district court erred in finding its motion for contempt frivolous and sanctioning it under N.D.R.Civ.P. 11(b)(2). We agree.

[¶4]   Section 11(c)(1), N.D.R.Civ.P., provides, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." The primary method for sanctions is through a motion filed with the court. "The motion, brief, and other supporting papers must be served under Rule 5, but must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." N.D.R.Civ.P. 11(c)(2).

[¶5]   Here, the district court incorrectly stated in its order that "Madylene moved for sanctions to recover her attorney's fees and costs incurred in opposing

1

a frivolous motion." Madylene Fowler requested in her reply brief that she be awarded her attorney's fees for having to respond to Colby Fowler's motion for contempt. Madylene Fowler never sought sanctions under N.D.R.Civ.P. 11 or otherwise. The court sua sponte converted the attorney fees request into a N.D.R.Civ.P. 11(b) sanction. Neither Madylene Fowler nor the court followed the procedural requirements of Rule 11. *See* N.D.R.Civ.P. 11(c)(2) (stating a motion for sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)"). Nevertheless, Gjesdahl Law waives the procedural defects under Rule 11 and only argues that the court substantively erred in finding Colby Fowler's motion was frivolous.

[¶6]   This Court reviews an appeal from a district court's order finding a motion frivolous under the abuse of discretion standard. *Sherwood v. Sherwood,* 2024 ND 24, ¶ 24, 2 N.W.3d 640. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *Id.* (quoting *Tillich v. Bruce*, 2017 ND 21, ¶ 7, 889 N.W.2d 899).

[¶7]   The district court found under N.D.R.Civ.P. 11(b) that Colby Fowler's application for an order to show cause was frivolous. This rule requires "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." N.D.R.Civ.P. 11(b)(2). A frivolous claim is defined as "[a] claim that has no legal basis or merit, esp. one brought for an unreasonable purpose such as harassment." *Black's Law Dictionary*, 312 (12th ed. 2024).

[¶8]   Madylene Fowler left North Dakota with the couple's minor child in October 2023. She told Colby Fowler she was going to visit family in Idaho for a few weeks. Madylene Fowler later stated she would not be returning to North Dakota. She was served with the summons for divorce in December 2023. Madylene Fowler stayed in Idaho with the couple's minor child after being served the summons. Colby Fowler claims Madylene Fowler violated the directives in the summons by failing to return to North Dakota with the couple's minor child after being served. The summons served by Colby Fowler included

2

the restraining provision contained in N.D.R.Ct. 8.4(a)(1): "Except for temporary periods, neither spouse may remove any of their minor children from North Dakota without the written consent of the other spouse or order of the court." The summons concluded with the statement, "**IF EITHER SPOUSE VIOLATES ANY OF THESE PROVISIONS, THAT SPOUSE MAY BE IN CONTEMPT OF COURT.**" (Emphasis in original.)

[¶9]   The district court relied on our holding in *Sayler v. Sayler*, which held a parent who relocates prior to the commencement of proceedings does not need a court's permission under N.D.C.C. § 14-09-07 to remain in the new location with the children. 2023 ND 156, ¶ 14, 994 N.W.2d 351. While we do not have a case on point for the situation present here, we are not prepared to conclude the claim was frivolous. Rather, whether one can be held in contempt of a summons for actions that occur prior to the summons being served but continuing into the present action is a question that is a good faith argument for an extension of the *Sayler* case.

[¶10] Because the argument is grounded in a good faith extension of the current interpretation of law, the district court abused its discretion by deeming the action frivolous and ordering sanctions against Gjesdahl Law under N.D.R.Civ.P. 11(b)(2).

### III

[¶11] O'Keeffe Law requests attorney's fees related to this appeal under N.D.R.App.P. 38. It claims the appeal is based on moot issues, lacks merit, and was made in bad faith. We disagree.

[¶12] This appeal is not moot because the sanctions were against Gjesdahl Law, the issue could not be reviewed until the underlying matter was concluded, and the law firm remains obliged to comply with the district court's order and pay the sanction. *See State v. Oshiro*, 2022 ND 95, ¶ 6, 974 N.W.2d 365 (stating "an appeal is not moot if the trial court's decision continues to have collateral consequences for the appellant."). If the order was not appealed, Gjesdahl Law would have been required to pay $1,200 in attorney's fees and costs, which would have been an ongoing consequence for the law firm despite the fact that

3

the underlying divorce action was settled. Additionally, for the reasons explained above, this appeal is not frivolous because the court abused its discretion in sanctioning Gjesdahl Law. Therefore, the appeal was properly appealed and has merit.

[¶13] O'Keeffe is not entitled to attorney's fees and costs on appeal.

IV

[¶14] The district court erred in finding Colby Fowler's application for an order to show cause was frivolous and ordering sanctions against Gjesdahl Law. We reverse the court's order.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

4