# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 109

Garron William Gonzalez,        Petitioner and Appellant

v.

State of North Dakota,        Respondent and Appellee

### No. 20250019

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

DISMISSED.

Opinion of the Court by McEvers, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for respondent and appellee; submitted on brief.

**McEvers, Justice.**

[¶1]   Garron Gonzalez appeals from a judgment denying his application for postconviction relief. Gonzalez argues the district court erred in denying his application because he was illegally sentenced in 2005 and his credit for time served is inaccurately stated in the criminal judgment. Because Gonzalez has fully served his sentence, we dismiss the appeal as moot.

I

[¶2]   In 2004, Gonzalez pled guilty to two counts of gross sexual imposition, and the district court sentenced him to five years on each count, concurrently, with all but 130 days suspended for a five-year period of probation. In 2005, the court revoked Gonzalez's probation and resentenced him to five years on each count, concurrently, with all but 30 months suspended for five years of probation. In 2011, the court revoked his probation and resentenced him to 20 years on each count, consecutively. In 2013, the court granted an application for postconviction relief, vacating the judgment and ordering a new revocation hearing. In 2014, the court revoked his probation and resentenced him to 20 years on each count, concurrently. In 2023, the court granted Gonzalez's postconviction application under *Dubois v. State*, 2021 ND 153, 963 N.W.2d 543, and *State v. McGinnis*, 2022 ND 46, 971 N.W.2d 380, and resentenced him to five years on each count, consecutively. Gonzalez appealed, and we reversed and remanded for resentencing, concluding the consecutive five-year sentences were illegal under the pre-amended version of N.D.C.C. § 12.1-32-07(6) because they were greater than the originally imposed, but suspended, sentences. *State v. Gonzalez*, 2024 ND 4, ¶¶ 10-11, 13, 1 N.W.3d 919. In February 2024, the court resentenced Gonzalez to five years on each count, concurrently, with credit for time served of 6 years, 6 months, and 153 days.

[¶3]   In May 2024, Gonzalez filed the instant postconviction relief application, arguing that he was illegally sentenced in 2005 under *Dubois*, and that the criminal judgment incorrectly states his credit for time served. He also filed a

1

document with his own time served calculations, claiming he should be credited with 9 years, 1 month, and 24 days. The State answered the application, opposing his arguments. Gonzalez moved to waive the postconviction hearing, which the court granted. After Gonzalez submitted a closing brief and exhibits, the court denied his application for postconviction relief, concluding he failed to meet his burden showing that he was illegally sentenced or that his credit for time served was incorrect. The court entered judgment.

II

[¶4]   We consider the threshold issue of mootness before reaching the merits of an appeal, even when neither party raises mootness. *State v. Oshiro*, 2022 ND 95, ¶ 6, 974 N.W.2d 365. "When it becomes impossible for the Court to issue relief, no controversy exists and the issue is moot." *Id.* We do not give advisory opinions and will dismiss an appeal if the issue becomes moot. *Id.* "An appeal becomes moot when by lapse of time or by events occurring prior to our decision this Court is unable to render effective relief." *Id.* If the district court decision continues to have collateral consequences for the appellant, the appeal is not moot. *Id.*

[¶5]   In *Oshiro*, the defendant argued the district court illegally sentenced him because it did not give him credit for all of the days he previously served. 2022 ND 95, ¶ 1. We dismissed his appeal as moot because he served his concurrent revocation sentences and was released from prison while the appeal was pending:

> Oshiro's release from prison during the pendency of this appeal makes it impossible for this Court to issue any sort of relief or remedy. Oshiro has completed his concurrent revocation sentences. We cannot change credit for time served because the prison term Oshiro was ordered to serve has been completed. Further, the district court's revocation sentence does not continue to have collateral consequences for Oshiro because his sentence did not include a term of supervised release or probation after he served his prison term. Oshiro fully completed the terms of his revocation sentence, leaving no adverse consequence to suffer as a result of the revocation sentence. Therefore, . . . this appeal presents a request for

2

an advisory opinion because no actual controversy remains. We conclude the appeal is moot.

*Id.* ¶ 9.

[¶6] Gonzalez argues his 2005 sentence was illegal. Gonzalez's current sentence was imposed in February 2024 when the district court resentenced him to five years on each count, concurrently, with credit for time served of 6 years, 6 months, and 153 days. "'Resentencing' is the 'act or an instance of imposing a new or revised criminal sentence.'" *State v. Wardner*, 2006 ND 256, ¶ 11, 725 N.W.2d 215 (quoting *Black's Law Dictionary* 1309 (7th ed. 1999)); *see also State v. Larsen*, 2023 ND 144, ¶ 17, 994 N.W.2d 194 ("[R]esentencing upon revocation is punishment for the original offenses."); *Wardner*, ¶ 11 ("The term 'resentencing' also applies to a district court's sentencing on remand from appellate review."). "An amended judgment revoking probation and resentencing a defendant is not a 'whole new process' leading to a 'separate judgment' . . . , but instead simply amends and replaces the initial judgment." *State v. Netterville*, 2022 ND 153, ¶ 10, 978 N.W.2d 674. Gonzalez's 2005 sentence was revoked and therefore is no longer in effect. The February 2024 sentence is the sentence imposed against him. *See McGinnis*, 2022 ND 46, ¶ 9 (comparing the newest sentence against the original sentence without regard for the intermediate sentence when reviewing the legality of a sentence). Moreover, Gonzalez's current sentence is exactly the sentence that he is now arguing his 2005 sentence should have been: five years on each count, concurrently (i.e. the sentence initially imposed but suspended).

[¶7] In addition to the 2005 sentence no longer being in effect and his current sentence reflecting what he is arguing, Gonzalez has completed his term of imprisonment under the 2024 criminal judgment, similar to *Oshiro*. The 2024 judgment states his credit for time served as 6 years, 6 months, and 153 days, which is more time than he was ordered to serve—five years, concurrently. Gonzalez has not challenged his criminal convictions or the orders revoking his probation; rather, he challenges only his sentence. Generally, attacking an expired sentence is a moot argument. *Oshiro*, 2022 ND 95, ¶ 9; *see also Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their

3

sentences, and since those sentences expired during the course of these proceedings, this case is moot.").

[¶8]   At oral argument, Gonzalez through counsel acknowledged that he has finished serving his sentence, but argued collateral consequences remain, including to his employment prospects and housing options. Gonzalez's *conviction*, rather than his *sentence*, likely includes collateral consequences. *See Kahl v. Dir., N.D. Dep't of Transp.*, 1997 ND 147, ¶ 7, 567 N.W.2d 197 ("The United States Supreme Court has held that a defendant's completion of a sentence imposed as a result of a criminal conviction does not render a direct appeal from the conviction moot because of the collateral consequences stemming from a conviction . . . ."); *State v. Moses*, 2022 ND 208, ¶ 4, 982 N.W.2d 321 (noting a person convicted of a felony is prohibited from possessing a firearm). However, like *Oshiro*, the 2024 judgment does not include a term of probation, and therefore his *sentence* does not continue to have collateral consequences. Further, Gonzalez is currently serving a federal sentence under the custody of the Federal Bureau of Prisons. We conclude his alleged collateral consequences are remote and speculative, and would not be cured by a favorable ruling by this Court. *See Lane*, 455 U.S. at 632-33 (rejecting as collateral consequences discretionary decisions, including by employers); *Int. of M.R.*, 2022 ND 68, ¶¶ 6-7, 972 N.W.2d 94 (concluding alleged collateral consequences in child deprivation case, such as employment prospects and housing options, were "remote and speculative" and "would not be cured by a favorable ruling on appeal").

[¶9]   Gonzalez also argues his credit for time served is inaccurately stated in the criminal judgment. This was the same argument made in *Oshiro*. We therefore resolve it in the same way. Because the term of imprisonment Gonzalez was ordered to serve has been completed, any additional credit for time served is academic and irrelevant. *Oshiro*, 2022 ND 95, ¶¶ 8-9; *see also Contant v. Lindsay*, 473 F. App'x 109, 110 (3d Cir. 2012).

[¶10] We do "not render advisory opinions, and an appeal will be dismissed if the issues become moot or academic, leaving no actual controversy to be determined." *Schwartzenberger v. McKenzie Cnty. Bd. of Cnty. Comm'rs*, 2017 ND

211, ¶ 6, 901 N.W.2d 64. This appeal presents a request for an advisory opinion. We conclude the appeal is moot and therefore dismiss the appeal.

### III

[¶11] The appeal is dismissed.

[¶12] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr